**LEITER MFG. CO.**

v.

**INTERNATIONAL LADIES' GARMENT WORKERS' UNION, AFL.**

No. 14845.

Court of Civil Appeals of Texas.

Dallas.

June 4, 1954.

Rosenfield & Berwald and George E. Seay, Dallas, for appellant.

Mullinax & Wells and Charles J. Morris, Dallas, for appellee.

DIXON, Chief Justice.

This is an appeal from a temporary mandatory injunction.

The suit was brought by the appellee International Ladies' Garment Workers' Union A.F.L., against appellants Sam Leiter and wife doing business as Leiter Manufacturing Company. The writ granted by the trial court required appellants to reinstate in their employ about thirty-five ladies who, the court found, had been let out because of their membership in a labor union. In the court's order was this express provision: " * * * the temporary injunction entered in this case will be effective pending further orders of this court, and *provided that if the National Labor Relations Board, by order, assumes jurisdiction, this order of the court is automatically set aside."* (Emphasis supplied.) The trial court declined to allow its order to be superseded pending appeal, but an application for a stay order pending appeal was granted by this Court.

The evidence shows that appellants are engaged in the manufacture of ladies' dresses and wearing apparel. Their raw materials come from points outside Texas. Also many of their customers reside outside Texas—appellants have traveling salesmen covering thirteen different states, and during 1953 shipped their finished products to twenty-one other states. Among their customers is J. C. Penny Company with its 1637 stores over the country. Last year out of a gross business in excess of $500,000 more than $200,000 worth of their products was shipped in interstate business.

The evidence is conflicting as to why appellants terminated the employment of the thirty-five ladies. Appellee alleged and at the temporary injunction hearing produced testimony to the effect that it was because the ladies had joined the labor union. This appellants denied, and at the hearing produced testimony to the effect that the ladies were let out because there was no work for them due to a shortage of raw materials and a lack of orders. The trial court found in favor of appellee.

Appellee relies on Art. 5207a Vernon's Ann.Civ.St. enacted in 1947 and known as the "Right to Work Law," which expressly provides that "No person shall be denied employment on account of membership or nonmembership in a labor union."

Appellants brief these points: (1) Their plea to the jurisdiction should have been sustained because under the Taft-Hartley Act the National Labor Relations Board has exclusive jurisdiction of the dispute; (2) the trial court abused its discretion in that by its order it in effect took away from appellants their right to reduce their working force for economic reasons; (3) the uncontroverted evidence shows that appellants did not know of any union activities by their employees; (4) appellee had a full adequate remedy for damages; (5) the court's order has not preserved the status quo but has granted appellee all the relief it could have obtained in a final hearing; and (6) the evidence fails to show a violation of Art. 5207a V.A.C.S.

Appellants say that under the Labor Management Relations Act of 1947, known as the Taft-Hartley Act, 29 U.S.C.A. §§ 141–197, the National Labor Relations Board has exclusive jurisdiction of this controversy. Appellee contends, and its contention is not without some support in the authorities, that state courts have a sort of permissive jurisdiction unless and until the National Labor Relations Board assumes jurisdiction.

We believe that the recent decision of the Supreme Court of the United States in the case of Garner v. Teamsters, Chauffeurs & Helpers Local Union, 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. ——, supports appellants' contention and must control our holding in this case. We therefore sustain appellants' first and second points on appeal.

In the interest of space we shall not quote at length from the Taft-Hartley Act. But we refer to these parts of it: 29 U.S.C.A. § 157, Section 7, and 29 U.S.C.A. § 158, Section 8(a) (1) and 8(a) (3). It has been held that under Section 8(a) (3) a discharge or layoff for union membership is an unfair labor practice. N.L.R.B. v. Stewart, 5 Cir., 207 F.2d 8.

In the Supreme Court case above cited the facts were that Joseph Garner operated a small interstate trucking business with twenty-four employees, four of whom were members of the Teamsters' Union. The Union placed pickets at Garner's loading platform carrying signs that the Union wanted Garner's employees to join the Union. Drivers for other carriers refused to cross the picket line. Garner's business fell off 95%. The trial court held that the Union's purpose in picketing was to coerce Garner into compelling or influencing his employees into joining the Union. The trial court therefore issued an injunction against the Union. This order was reversed by the Supreme Court of Pennsylvania on the ground that under the Taft-Hartley Act the National Labor Relations Board had exclusive jurisdiction. In upholding the decision of the Supreme Court of Pennsylvania the Supreme Court of the United States said [346 U.S. 485, 74 S.Ct. 166]:

"Congress evidently considered that centralized administration of specially designed procedures was necessary to obtain uniform application of its substantive rules and to avoid these diversities and conflicts likely to result from a variety of local procedures and attitudes toward labor controversies. * * * The same reasoning which prohibits federal courts from intervening in such cases, except by way of review or on application of the Federal Board, precludes state courts from doing so. Cf. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; Amalgamated Utility Workers v. Consolidated Edison Co., 309 U.S. 261, 60 S.Ct. 561, 84 L.Ed. 738. And the reasons for excluding state administrative bodies from assuming control of matters expressly placed within the competence of the federal Board also exclude state courts from like action. Cf. Bethlehem Steel Co. v. New York State Labor Relations Board, 330 U.S. 767, 67 S.Ct. 1026, 91 L.Ed. 1234."

Inasmuch as the merits of this controversy may be adjudicated by another tribunal, we forbear any further comment.

The judgment of the trial court is reversed and judgment is here rendered dissolving the injunction granted by the trial court, and dismissing the application for a temporary mandatory injunction.

Reversed and rendered.