H. N. BORDEN, Appellant,

v.

UNITED ASSOCIATION OF JOURNEY-MEN AND APPRENTICES et al., Appellees.

No. 15319.

Court of Civil Appeals of Texas.

Dallas.

July 25, 1958.

Rehearing Denied Oct. 10, 1958.

Lyne, Blanchette, Smith & Shelton, Robert W. Smith, Dallas, for appellant.

Mullinax, Wells & Morris, Dallas, for appellees.

DIXON, Chief Justice.

Our opinion heretofore delivered in this case is withdrawn and the following opinion is substituted.

This is a damage suit brought in the 101st District Court of The State of Texas against two unincorporated labor unions by H. N. Borden, appellant, who alleges that he is a member of both organizations. The two organizations are United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, and Local Union 100 of said Association.

The trial court dismissed the suit on the grounds that (1) appellant "is a member of defendant labor organizations and thus has no standing to sue said organizations for money damages; and (2) "jurisdiction of a suit by an employee to recover for union interference with employment, or discrimination in employment opportunity, is within the exclusive jurisdiction of the National Labor Relations Board under the Federal Labor Management Relations Act, and accordingly this court is without jurisdiction."

In his petition appellant makes the following allegations: on September 15, 1953 he was promised a job in the construction of the Republic National Bank Building in Dallas, Texas, by Farwell Construction Company through the Company's superintendent and also one of the Company's foremen; appellant thereupon obtained a clearance from his local union in Galveston, Texas, where he then lived, came to Dallas, presented himself to Local Union 100 at Dallas for the purpose of being accepted in order that he might go to work on the job promised by Farwell Construction Company; Local Union No. 100 at first refused to accept appellant's clearance card, but finally on October 9, 1953 did accept said clearance card; nevertheless said Local Union No. 100, in violation of Art. 5207a, Vernon's Ann.Civ.St., did then and has since continued willfully, maliciously, discriminatorily and without cause to refuse to allow appellant to go to work on the job offered him in the construction of the Republic Bank Building; appellant thereafter sought redress by submitting his claims to appellee unions at a meeting held October 18, 1954, but no remedy was offered to him by either union—in fact only a threat made

against him that if he should continue his complaint he would be expelled from the unions; appellant then sought and obtained employment elsewhere at a wage less than he would have been paid on the Republic National Bank job; and that the difference in wages during the period of time involved was $4,039.50. Appellant asked judgment for $4,039.50 damages for lost earnings, $5,000 as damages for mental anguish and suffering, and $1,000 as exemplary damages.

The only questions before us on this appeal are: (1) whether appellant had a right to sue appellee unions of which he was a member; and (2) whether such suit might be brought in a State court of the State of Texas.

■ The two labor unions, though unincorporated, are legal entities subject to being sued. International Association of Machinists v. Gonzales, 356 U.S. 617, 78 S.Ct. 923, 2 L.Ed.2d 1018; United Mine Workers of America v. Coronado Coal Company, 259 U.S. 344, 42 S.Ct. 570, 66 L.Ed. 975. In International Longshoremen and Warehousemen's Union, Decisions and Orders of N.L.R.B. Vol. 79, p. 1508, Note 40. (1948), it is said:

> "The common law concept of an unincorporated labor organization as a group of individuals having no separate entity apart from its members has been discarded to the extent that it was not already outmoded in modern jurisprudence—by the Labor Management Relations Act, 1947. It is clear that the Act treats labor organizations for all practical purposes as juridical entities."

The action may be a suit for damages. International Association of Machinists v. Gonzales, 356 U.S. 617, 78 S.Ct. 923, 2 L.Ed.2d 1018; Selles v. Local 174 of International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, 50 Wash.2d 660, 314 P.2d 456.

■ In this case appellant is asserting a property right—the right to seek employment, work, and earn a living. International Printing Pressmen and Assistants' Union of North America v. Smith, 145 Tex. 399, 198 S.W.2d 729; Gurtov v. Williams, Tex.Civ.App., 105 S.W.2d 328. Under the circumstances he has a right to sue the labor unions though he is a member of the unions. Choate v. Grand International Brotherhood of Locomotive Engineers, Tex., 314 S.W.2d 795; Lundine v. McKinney, Tex.Civ.App., 183 S.W.2d 265; McCantz v. Brotherhood of Painters, Decorators & Paperhangers, Tex.Civ.App., 13 S.W.2d 902; Dusing v. Nuzzo, 177 Misc. 35, 29 N.Y.S.2d 882; Nissen v. International Brotherhood, 229 Iowa 1028, 295 N.W. 858, 141 A.L.R. 598, 610; Arts. 5154g, Secs. 4 and 5, 5207a, V.A.C.S. Appellant's first point on appeal is sustained.

With reference to appellant's second point on appeal, it is the contention of appellee that the National Labor Relations Board has exclusive jurisdiction of appellant's claim, hence suit may not be brought in a State Court. Appellee relies on 29 U.S.C.A. § 158(b) (2), Labor Management Relations Act of 1947, § 8(b) (2), commonly known as the Taft-Hartley Act.

■ We are unable to agree with appellee. Appellant's suit is a tort action for damages. The National Labor Relations Board does not have jurisdiction of such claims. In United Construction Workers, affiliated with United Mine Workers of America v. Laburnum Const. Corp., 347 U.S. 656, 74 S.Ct. 833, 837, 98 L.Ed. 1025, it is said:

> "Petitioners contend that the Act of 1947 has occupied the labor relations field so completely that no regulatory agency other than the National Labor Relations Board and no court may assert jurisdiction over unfair labor practices as defined by it, unless expressly authorized by Congress to do so. They claim that state Courts accordingly are

excluded not only from enjoining future unfair labor practices and thus colliding with the Board, as occurred in Garner v. Teamsters, [Chauffeurs and Helpers Local] Union [No. 776], 346 U.S. 485, 74 S.Ct. 161 [98 L.Ed. 228], but that state courts are excluded also from entertaining common-law tort actions for the recovery of damages caused by such conduct. * * * *Congress has neither provided nor suggested any substitute for the traditional state court procedure for collecting damages for injuries caused by tortious conduct.* For us to cut off the injured respondent from this right of recovery will deprive it of its property without recourse or compensation. To do so will, in effect, grant petitioners immunity from liability for their tortious conduct. We see no substantial reason for reaching such a result. The contrary view is consistent with the language of the Act and there is positive support for it in our decisions and in the legislative history of the Act. * * * *The Labor Management Relations Act sets up no general compensatory procedure except in such minor supplementary ways as the reinstatement of wrongfully discharged employees with back pay.*" (Emphasis ours.)

We hold that the State Court has jurisdiction of appellant's suit. Choate v. Grand International Brotherhood of Locomotive Engineers, Tex., 314 S.W.2d 795; International Association of Machinists v. Gonzales, 356 U.S. 617, 78 S.Ct. 923, 2 L.Ed.2d 1018; International Union United Automobile, Aircraft and Agr. Implement Workers of America v. Russell, 356 U.S. 634, 78 S.Ct. 932, 2 L.Ed.2d 1030; Selles v. Local 174 of International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, 50 Wash.2d 660, 314 P.2d 456; Baun v. Lumber & Sawmill Workers Union, Local No. 2740, 46 Wash.2d 645, 284 P.2d 275.

Appellant's second point on appeal is sustained.

The judgment of the trial court is reversed and the cause is remanded for trial on the merits.

Reversed and remanded.