TEXAS STATE BOARD OF EXAMINERS
IN OPTOMETRY, Appellant,

v.

Sidney H. LANE, Appellee.

No. 16248.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 22, 1961.

Rehearing Denied Oct. 13, 1961.

Will Wilson, Atty. Gen., and John Reeves, Asst. Atty. Gen., for appellant.

Wynne, McKenzie, Stroud, Jaffe & Tinsley, Morris I. Jaffe and Carl W. Wilson, Dallas, for appellee.

MASSEY, Chief Justice.

This is an appeal from an order of the trial court granting a temporary injunction. The temporary injunction was ancillary to the cause of action which was the subject matter of the suit. The form of action was a bill of review attacking the order of the trial court dismissing an appeal taken by appellee Sidney H. Lane from a certain order of the appellant Texas State Board of Examiners in Optometry in cancellation of appellee's license to practice optometry in this State. The bill of review additionally attacked the propriety of the Board's action in cancellation of Lane's license.

This appeal is to be distinguished from that upon which this court wrote in Texas State Board of Examiners in Optometry v. Lane, Tex.Civ.App.1960, 337 S.W.2d 801, error refused. Such appeal was taken from the trial court's order reinstating Lane's case as a cause pending after it had been dismissed. The holding on appeal was that the order of dismissal was a judgment which had become final with no appeal taken therefrom and that the trial court did not have jurisdiction to reinstate the case. The language of the opinion indicated that Lane's right to relief, if any he had, was a matter properly presented by a bill of review.

Following the action taken by this court and the Supreme Court on said prior appeal the trial court dismissed the case from the docket. Immediately thereafter Lane presented his case by way of a suit for bill of review. Ancillary thereto he sought a temporary injunction which would suspend the effectiveness of the Board's order cancelling his license pending the trial of his suit so filed. Such temporary injunction was granted, and the Board appealed therefrom.

We are of the opinion that the order granting temporary injunction should be affirmed.

■ By stipulation of the parties in the trial court the statement of facts, including the exhibits, before us on the prior appeal is made the statement of facts presently before us. The greater part of the material portion of said statement of facts was given in the text of our prior opinion. Additional evidence therein presents circumstances which entitled the trial court to conclude that Lane had a meritorious defense to present in connection with the Board's action seeking to cancel his license to practice optometry in this State, that he and his attorneys of record as of the time the suit was dismissed by the trial court had a meritorious claim and contention that the dismissal was wrongful and erroneous, that it resulted through accident or wrongful act of the Board in prevention of the advancement of Lane's defense against cancellation of his license, and that the judgment of dismissal did not result because of any negligence on his part or on the part of his attorneys.

■ It is contended by the Board that Lane's pleadings in connection with his prayer for temporary injunction were insufficient to entitle him to any order granting the same. We find it necessary in adverting to the transcript to refer to Lane's First Amended Original Petition as well as to his petition for injunctive relief. From both instruments we reach the conclusion that his pleadings were sufficient to warrant the trial court's action granting the temporary injunction. That the trial court took both instruments into consideration was proper. Writs of injunction ancillary to other causes of action, such as the cause of action to cancel Lane's license, may be granted on petitions which clearly demonstrate the right to the remedy when taken in connection with the other pleadings in the case, and said petitions need not be as complete in themselves as petitions for original writs of injunction. Texas Practice, Lowe & Archer, Chapter 7 "Injunctions", part G "Pleading", Sec. 334 "Certainty and Definiteness", citing Davenport v. Railroad Commission, Tex.Civ.App., Austin, 1935, 89 S.W.2d 1006, writ dism. Certainly there would be no abuse of the discretion lodged in the trial court in granting the temporary injunction under such

circumstances. Abuse not being apparent this court should not reverse on such a ground.

 A most material matter for consideration is the determination of the "status quo" to be preserved by temporary injunction. The Board, through its attorney, contends that the "status quo" would be a condition of affairs where Lane stands stripped of his license as the result of the trial court having struck the reinstated case from the docket. This had been done following the judgment of this court and the Supreme Court in conformity with our opinion already mentioned (337 S.W.2d 801). It would be a time subsequent to this action by the trial court that Lane's suit in the form of a bill of review could be treated as having been instituted, disregarding the fact that pleadings therefor (in the alternative to his motion for reinstatement) had actually theretofore been filed. We are of the opinion that the correct "status quo" was the status immediately prior to entry of the Board's order cancelling Lane's license. That date was July 1, 1957.

 The "status quo" to be preserved by temporary injunction is the last, actual, peaceable, noncontested status which preceded the pending controversy. The situation posed in the case of Transport Co. of Texas v. Robertson Transports, Inc., 1953, 152 Tex. 551, 261 S.W.2d 549, was semi-analogous, and to our minds the holding therein is controlling in the instant case. It would seem to be a sound general rule that where an order is entered by a Board or Commission of this State in opposition to the objections and contentions of a party whose justiciable interests are adversely affected thereby, the "status quo" would be the state of affairs as they existed immediately prior to the time the order was entered. At least this would be the usual situation in instances to be tested upon an application for temporary injunction to preserve or restore a party's status pending a trial on the merits.

Affirmed.