Maria Guadalupe VASQUEZ, Petitioner,

v.

BANNWORTHS, INC., et al.,
Respondents.

No. C–4386.

Supreme Court of Texas.

March 26, 1986.

James C. Harrington, Am. Civil Liberties, Austin, for petitioner.

E.G. Hall and Lisa Powell, Atlas & Hall, McAllen, for respondents.

McGEE, Justice.

This is a suit for wrongful discharge brought by an employee, Maria Guadalupe Vasquez, against her employer, Bannworths, Inc. The issue on this appeal is whether the district court abused its discretion in failing to order Bannworths, Inc. to rehire Mrs. Vasquez, who was wrongfully

discharged because of her union affiliation. Although the trial court awarded Mrs. Vasquez lost wages and enjoined Bannworths, Inc. from discriminating against Mrs. Vasquez if she was ever employed by Bannworths again, the trial court refused to order Bannworths to rehire Mrs. Vasquez. The court of appeals, in an unpublished opinion, affirmed the judgment of the trial court. We hold that the trial court abused its discretion and, therefore, we reverse the judgment of the court of appeals. The cause is remanded to the trial court to reform its judgment to include a mandatory injunction ordering Bannworths, Inc. to rehire Mrs. Vasquez in the same or similar capacity to the one she held prior to her unlawful discharge.

Mrs. Vasquez was first employed by Bannworths, Inc. as a farm worker in 1973. Although the nature of the work does not provide for permanent employment, Mrs. Vasquez worked for Bannworths for several different seasons each year for nine consecutive years. While employed by Bannworths, she usually worked five to six days a week for up to ten hours a day at minimum wage.

In January 1982, while employed by Bannworths, Mrs. Vasquez sought assistance through the local United Farm Workers office to obtain permanent resident status in the United States. She became an active member in the UFW, a labor union, about a month later. Subsequently, Mrs. Vasquez began to complain to UFW representatives about the lack of sanitation at Bannworth's facilities. Mrs. Vasquez charged that all employees were required to share a common drinking cup and that the portable restroom facilities provided for the workers in the fields were filthy and did not comply with certain minimum health and sanitation standards which had been promulgated by the Texas Health Commissioner. On November 5, 1982, two Hidalgo County Health Department sanitation engineers came to Bannworths's fields where Mrs. Vasquez's crew was working to inspect the bathroom facilities. Later that same day, Mrs. Vasquez was fired from her job with Bannworths.

Mrs. Vasquez brought this suit seeking damages for lost wages and an injunction to refrain Bannworths from violating the Texas Right-to-Work Law (hereinafter the Act). TEX.REV.CIV.STAT.ANN. art. 5154g (Vernon 1971). That statute prohibits an employer from denying a person the right to work on account of membership or non-membership in a labor union. TEX. REV.CIV.STAT.ANN. art. 5154g, sec. 1 (Vernon 1971). A jury found that Mrs. Vasquez had been fired by Bannworths because of her union membership and her complaints concerning the restroom facilities. Although the jury failed to find that Bannworths's act of firing Mrs. Vasquez was done with malice or in gross disregard of her rights, the jury did find that Bannworths would not hire Mrs. Vasquez again because of her union membership. The jury awarded Mrs. Vasquez $3000 in lost wages from the time she was fired until suit was filed.

Based on the jury's finding of probable, continuing, future injury and recognizing that the plaintiff would suffer continuing, immediate and irreparable harm without an adequate remedy at law, the trial court awarded injunctive relief. That relief, however, falls short of remedying the harm recognized by the court. While the trial court enjoined Bannworths from terminating, suspending, discriminating against, or threatening to terminate, suspend or discriminate against the plaintiff because of her union membership, the court conditioned the injunction on Bannworths's voluntary reemployment of Mrs. Vasquez. In other words, unless Mrs. Vasquez actually began working for Bannworths again, the injunction was of no consequence because it neither required Bannworths to rehire Mrs. Vasquez nor required Bannworths to not discriminate against Mrs. Vasquez if she chose to reapply for employment with Bannworths. Considering the jury's finding in this case, that Bannworths would continue to discriminate against Mrs. Vasquez because of her union membership, it became mandatory for the trial court to issue an injunction which would remedy the

violation of the Act. Section 4 of article 5154g mandates that the trial court enjoin an employer whenever it is shown that the employer has violated the Act. TEX.REV. CIV.STAT.ANN. art. 5154g, sec. 4 (Vernon 1971).

Although a trial court may have some discretion in fashioning the relief to be granted by the injunction, we hold that article 5154g, section 4 limits that discretion by requiring that the remedy devised be one which will effectuate the policy of the Act and which will undo the effects of violations of the Act. TEX.REV.CIV. STAT.ANN. art. 5154g, sec. 4 (Vernon 1971). The injunction issued by the trial court does not alleviate the violation that occurred in this case. The violation to be enjoined in this case was Bannworths's firing of Mrs. Vasquez because of her union membership. The trial court failed to address this violation in the injunction it issued.

The court of appeals held that it was not an abuse of discretion for the trial court to refuse to order Bannworths to rehire Mrs. Vasquez because she did not request it in her demand for injunctive relief. We do not agree.

Mrs. Vasquez's petition sought damages for lost wages, punitive damages, a declaration of rights, as well as injunctive relief under TEX.REV.CIV.STAT.ANN. art 5154g, sec. 4 (Vernon 1971). The prayer to her original petition requests that Bannworths be enjoined "from failing and refusing to rehire her without good cause." A petition not purely for injunctive relief need only disclose facts showing that an injunction may be properly granted as incidental relief. *Texas State Board of Examiners in Optometry v. Lane*, 349 S.W.2d 763, 764 (Tex.Civ.App.—Fort Worth 1961, no writ). This is particularly true when the injunctive relief flows from a statute in which such relief is mandatory. *Temple Independent School District v. Proctor*, 97 S.W.2d 1047 (Tex.Civ.App.—Austin 1936, writ ref'd).

While a fair reading of plaintiff's petition would infer that Mrs. Vasquez wants to be reemployed again by Bannworths, her Motion for Judgment leaves no doubt what she wanted the court to do. In it, Mrs. Vasquez requests that the court "restore [her] immediately to her employment with [Bannworths] which she occupied prior to termination." Mrs. Vasquez could not have been more clear in the kind of injunctive relief she was seeking from the court. A trial court is obliged to look at all pleadings, not just the original petition, in determining what relief the party is seeking. *Texas State Board of Optometry*, 349 S.W.2d at 764. Clearly, the trial court could determine with reasonable certainty the kind of relief Mrs. Vasquez was seeking. As long as the relief sought is "fairly inferable" from the pleadings, the court should design a remedy based on the relief sought, which will effectuate the policies of the Act. *Temple Independent School District*, 97 S.W.2d at 1051. Those policies are to prevent unlawful retaliation and discrimination because of membership or non-membership in a union, and to protect employees in the exercise of their right of free choice to join or not join a labor union. *Lunsford v. City of Bryan*, 156 Tex. 520, 297 S.W.2d 115 (1957).

The right to injunctive relief, when such is necessary to afford a party full protection of his established right, is clear under Texas decisions. *City of Mission v. Popplewell*, 156 Tex. 269, 294 S.W.2d 712, 715 (1956); *Ireland v. Bible Baptist Church*, 480 S.W.2d 467, 473 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.), *cert. denied*, 411 U.S. 906, 93 S.Ct. 1529, 36 L.Ed.2d 195 (1973). When faced with the twin findings of firing because of impermissible discrimination and a refusal to rehire on that basis, as well as a request by the plaintiff for reinstatement, we can see no reason which would justify a court's refusal to order reemployment. *See Balderas v. LaCasita Farms*, 500 F.2d 195 (5th Cir.1974). Based on the findings in this case and plaintiff's request to be rehired, there was only one remedy available to the trial court which would rectify the harm caused by Bann-

worths's violation of the Act. The remedy was to order Bannworths to rehire Mrs. Vasquez. The trial court abused its discretion in failing to order Mrs. Vasquez's rehiring because, in effect, the court's order allows Bannworths to continue to discriminate against Mrs. Vasquez by refusing to hire her because of her union membership.

The cause is remanded to the trial court to reform its judgment to include a mandatory injunction ordering Bannworths, Inc. to rehire Mrs. Vasquez in the same or similar capacity to the one she held prior to her unlawful discharge.