NUMBER 13-00-556-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI



 LEE FLORES, MICHAEL FLORES, AND MARVIN FLORES , Appellants,


v.


ERIC GUTSCHOW , Appellee.




On appeal from the 347th District Court

of Nueces County, Texas.




O P I N I O N

Before Justices Dorsey, Hinojosa, and Castillo

Opinion by Justice Dorsey


Eric Gutschow brought suit both in his individual capacity and in his capacity as a principal of Flores/Gutschow
Enterprises, L.L.C., against Marvin, Michael and James Lee Flores alleging various causes of action stemming from a
business association between the parties. (1) The trial court entered a final judgment that awarded to Gutschow $144,865.05
in damages, plus interest and attorneys' fees and awarded to F/G Enterprises the sum of $385,000, payable jointly and
severally, by the Flores brothers. The judgment also declared that F/G Enterprises is tenant in fact of a certain premises and
a party to the lease of those premises. Finally, the order permanently enjoined the Flores brothers from going near the F/G
Enterprises premises or the residence of Gutschow or interfering in any way with the business of F/G Enterprises. By four
issues, the Floreses appeal this judgment.

Grant of Partial Summary Judgment


First, the Floreses contend that the trial court erred in granting a partial summary judgment prior to entry of the final
judgment in this cause. We disagree.

Gutschow sought traditional summary judgment on his breach of contract claim. See Tex. R. Civ. P. 166a(c). He argued
that the contract between himself and Flores unambiguously required Flores to contribute $385,000.00 to F/G Enterprises
and required him to contribute $100,000.00 to it. He maintained that he paid his share, but that Flores did not. "Whether a
contract is ambiguous is a question of law that must be decided by examining the contract as a whole in light of the
circumstances present when the contract was entered." Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd., 940
S.W.2d. 587, 589 (Tex. 1996). If it is determined that the contract provision is not ambiguous, interpretation of the
unambiguous language is also a question of law. Myers v. Gulf Coast Minerals Mgmt. Corp., 361 S.W.2d 193, 196 (Tex.
1962).

Gutschow attached the contract to his motion, and also attached evidence supporting his claim that Flores did not make the
contribution required under the contract. The contract was a "Pre-Organization Contract" entered into between Gutschow
and Michael Flores. They agreed to form a Limited Liability Company, and then to form a Subchapter S Corporation or a
Limited Liability Partnership within sixty days of the date of the contract. The contract provided that the parties would
hold an organizational meeting at a later date, to determine more of the specifics relating to the Subchapter S Corporation
or Limited Liability Partnership that would be created. The contract also provided that:

Within sixty (60) days following the organizational meeting, the company shall pay to the S Corporation or the Limited
Liability Partnership the following sums, and the manager (Flores) shall authorize and direct the officers of the S
Corporation or the Limited Liability Partnership to issue membership certificates and/or stock certificates of the S
Corporation or the Limited Liability Partnership as follows:



Name

Membership

Interest

Contribution

Membership

Certificate No.

Eric Gutschow

20%

$100,000.00

1001001

Michael Flores

80%

$384,000.00

1001002

The contract also contained a "30-day Pullout Clause" providing that any member could withdraw from the contract and its
obligations and would be entitled to be reimbursed for his initial contribution. Finally, the contract provided that when all
initial contributions were refunded to the individual members, the Subchapter S Corporation or the Limited Liability
Partnership would reorganize the membership certificates to reflect that Gutschow and Flores each owned a 50%
membership interest. We hold this agreement unambiguously requires Gutschow to contribute $100,000.00 to the company
and Flores to contribute $384,000.00.

Gutschow also attached to his motion his own affidavit stating that he contributed $100,000 to the business and that
Michael Flores did not contribute anything to the business. This evidence is sufficient to establish Gutschow's right to
judgment on the breach of contract claim. See Tex. R. Civ. P. 166a(c). Because the Floreses failed to file a response
raising a genuine issue of material fact or otherwise defeating Gutschow's right to judgment, we hold the trial court
correctly granted summary judgment on Gutschow's breach of contract claim. See City of Houston v. Clear Creek Basin
Auth., 589 S.W.2d 671, 678 (Tex. 1979).

Gutschow also sought no-evidence summary judgment on all of the Floreses' counterclaims. See Tex. R. Civ. P. 166a(i). 
The Floreses failed to file a response to the motion. Accordingly, because a no-evidence motion requires the nonmovant to
respond with evidence raising a genuine issue of material fact on the challenged elements of his claims, the trial court had
no choice but to grant judgment in favor of Gutschow on the Floreses' counterclaims. See id..; see also Michael v. Dyke, 41
S.W.3d 746, 750-51 (Tex. App.--Corpus Christi 2001, no pet.).

The Floreses contend that evidence which was adduced at a hearing held on June 6 shows that the contract requiring Flores
to contribute $384,000.00 had been superceded. (The summary judgment was granted on June 2.) We will not presume
that the trial court considered evidence that was not properly before it in granting summary judgment. Rule 166a(c) states
that no oral testimony may be received at a summary judgment hearing. See Tex. R. Civ. P. 166a(c). Rather, judgment
must be rendered only if:

(i) the deposition transcripts, interrogatory answers, and other discovery responses referenced or set forth in the motion or
response, and (ii) the pleadings, admissions, affidavits, stipulations of the parties, and authenticated or certified public
records, if any, on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show
that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled
to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response.



Id. Although the record indicates that a hearing was held on June 6th, we find nothing in the record to support the
appellant's contention that the trial court considered the oral testimony taken on that date in deciding its June 2nd summary
judgment. We overrule the Floreses' first issue.

Withdrawal of Counsel


By their second issue, the Floreses argue that the trial court erred in permitting their attorney to withdraw from representing
them one day before the hearing on the motion for summary judgment and two days before the case was called for trial on
the merits. They allege that their attorney failed to inform them of the summary judgment hearing scheduled for the
following day. We hold that the trial court did not err in allowing the withdrawal.

Attorney Jaime L. Capelo, Jr.'s "Agreed Motion to Withdraw as Counsel" was filed on May 26, 2000. This motion sought
the trial court's permission for Capelo to withdraw as counsel for the Flores defendants because (1) conflicts between the
clients themselves had made their representation difficult, (2) the clients failed to pay as agreed, (3) the attorney was having
a hard time communicating with the clients, and (4) the clients had represented to the attorney on several occasions that
they wished to seek other counsel. Also, the motion stated that one of the defendants, Lee Flores, believed it to be in the
clients' best interests that Capelo withdraw. The motion was signed by both Lee Flores and Attorney Capelo. The motion
was opposed by Gutschow, who argued that allowing the motion at this late date would delay the trial, which was then set
for June 5th.

The trial court held a hearing on counsel's motion to withdraw on June 1st. Lee Flores was present. After hearing
argument of counsel, the trial court granted the motion.

Capelo then attempted to urge a motion for continuance of the June 5th trial setting on behalf of the Floreses. However, the
court did not allow counsel to argue this motion because he no longer represented them. After hearing argument from Lee
Flores, the court refused to grant the continuance. The court advised Mr. Flores that a pretrial conference, motion for
sanctions and motion for summary judgment were set for the following day (June 2). Mr. Flores stated that he would
appear then with an attorney. The trial court implied that if he did that, it would again entertain his arguments regarding the
continuance.

Rule 10 of the Texas Rules of Civil Procedure allows an attorney to withdraw from representing a party by filing a written
motion and by showing good cause. Tex. R. Civ. P. 10. "If another attorney is not to be substituted as attorney for the
party, the motion shall state: that a copy of the motion has been delivered to the party; that the party has been notified in
writing of his right to object to the motion; whether the party consents to the motion; the party's last known address and all
pending settings and deadlines." Id. 

Counsel's motion failed in the following regards:

(1) it did not state that a copy of the motion was delivered to each of his clients (i.e., Marvin and Michael Flores);

(2) it did not state that any of the parties were advised of their right to object to the motion;

(3) it did not state whether the parties consented to the motion;

(4) it did not include the upcoming motion for summary judgment hearing which was scheduled in its list of all pending
settings and deadlines.

Thus, the motion did not comply with Rule 10. However, Lee Flores was present and agreed to the attorney's motion to
withdraw.

When a trial court improperly allows an attorney to withdraw from representation, such error may be harmless if the trial
court gives the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial. 
See Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986). The trial court denied Flores' motion for continuance, sought on
grounds that he was without counsel, after Capelo was allowed to withdraw. When the ground for a continuance is
withdrawal of counsel, the movant must show that the lack of counsel is not due to their own fault or negligence. Id.; see
also Tex. R. Civ. P. 253 (stating that absence of counsel will not be good cause for a continuance or postponement of the
cause when called for trial, except in the discretion of the court). We find the Floreses failed to show that their lack of
counsel was not due to their own fault.

First, Lee Flores agreed to the motion to withdraw. Rule 7 of the Texas Rules of Civil Procedure states that "[a]ny party to
a suit may appear and prosecute or defend his rights therein, either in person or by an attorney of the court." Tex. R. Civ. P.
7. "Ordering a party to be represented by an attorney violates Rule 7." Ayres v. Canales, 790 S.W.2d 554, 557 (Tex.
1990). Accordingly, when a party requests the court to allow his retained attorney to withdraw from representation in a
particular case, the court has no discretion but to allow the withdrawal. Since Lee Flores, one of the defendants, requested
the attorney's withdrawal, certainly his resulting lack of counsel is his own fault. In such a case, the trial court does not err
in denying the motion for continuance. Cf. Villegas, 711 S.W.2d at 626-27 (trial court does abuse its discretion when the
party is not negligent or at fault in causing the attorney's withdrawal).

Further, while Lee Flores did not expressly represent, either to the court or in his motion, that he spoke on behalf of the
other two defendants, we hold the trial court was within its discretion in drawing that conclusion. Lee Flores was present
at the hearing on Capelo's motion to withdraw. Capelo stated to the court that his motion was agreed to by "the clients." 
The clients were three brothers, receiving joint representation by Capelo. Capelo stated to the court that he had never
spoken to one of the brothers whom he was representing. He also stated that the remaining two brothers, Lee and Michael,
had given him conflicting instructions regarding the representation. We believe the trial court was within its discretion to
conclude that Lee's consent to Capelo's withdrawal was made on behalf of all three brothers. Even without making that
assumption, though, the trial court was within its discretion in finding that the Floreses were at fault in causing their
attorney to withdraw and granting the withdrawal without allowing a continuance on that basis.

After granting the withdrawal, the trial court spoke with Lee Flores regarding his motion for continuance of the trial setting. 
Flores was given ample opportunity to address the court, and he never indicated that any of the defendants were not in
agreement with Capelo's withdrawal. Rather, Flores stated to the court that he had spoken with several attorneys, but was
unable to find an attorney to take Capelo's place unless he could assure the attorney that a continuance of the trial setting
had been granted. The court refused to rule on the continuance at that time, but told Flores to show up at the next setting
with an attorney and it would revisit the issue.

The following day, the court heard Gutschow's motion for summary judgment which had been previously scheduled. 
Although he affirmed to the court the previous day that he would attend the hearing with an attorney, Lee Flores did not
appear for the hearing on the summary judgment. Indeed, no one appeared on behalf of the Floreses. The court granted
summary judgment.

Three days later, the case was called for nonjury trial. Flores appeared without an attorney. Instead, he brought a letter
from an attorney stating that the attorney would not represent Flores without a continuance. After the plaintiffs argued that
the Floreses' failure to have counsel at the time the case was called for trial was their own fault, the trial court denied the
Floreses motion for continuance. We hold the trial court was within its discretion in so ruling.

Removal of the Cause from the Jury Docket


Next, appellants argue that the trial court erred by removing the cause from the jury docket and proceeding with a nonjury
trial on June 6. We do not find this to be error.

Rule 220 of the Texas Rules of Civil Procedure states that a party shall not be permitted to withdraw a case from the jury
docket over the objection of the parties adversely interested. See Tex. R. Civ. P. 220. Gutschow filed his motion to
withdraw the cause from the jury docket and withdraw the jury fee deposit on June 5, 2000. The motion was heard by the
court and withdrawal from the jury docket was ordered the same day. The certificate on the motion indicates that it was
hand delivered to the Floreses that day as well. No objection was made to the court. Since the Floreses failed to object to
the trial court's removal of the case from the jury docket prior to the beginning of the bench trial, we hold the trial court did
not err in withdrawing the case from the jury docket. See also Cardenas v. Montfort, Inc., 894 S.W.2d 406, 411 (Tex.
App.--San Antonio 1994, writ denied) (Peeples, J., dissenting) ("[R]ule 220 seems to require an objection.").

Award of Injunctive Relief


The trial court's final judgment in this cause contained the following provisions:

1. Marvin Flores (also known as John Flores), Lee Flores and Michael Flores are ordered to remain 100 yards away from
The Center Theater at 410 N. Chaparral, Corpus Christi, Texas, remain 100 yards away from the residence at 3026 Twin
Creek, Corpus Christi, Texas, and to remain 100 yards away from Eric Gutschow.

2. Defendants, Marvin Flores, Lee Flores, and Michael Flores are ordered not to attempt to become involved in or interfere
in any way with either the management of the L.L.C. or the operations of the Center Theater. Eric Gutschow shall be
responsible for all the business and financial decisions of the L.L.C. Eric Gutschow shall have the sole power to amend the
regulations of the L.L.C.

The Floreses contend that the trial court erred in granting permanent injunction against them because they did not receive
adequate notice that injunctive relief was sought. We hold that the notice received by the Floreses was adequate.

The purpose of pleading is to give the adverse parties notice of each party's claims and defenses, as well as notice of the
relief sought. Tex. R. Civ. P. 47; Perez v. Briercroft Serv. Corp., 809 S.W.2d 216, 218 (Tex. 1991). Gutschow's petition
did not specifically request injunctive relief, but included a prayer for any other relief, equitable or statutory, that Gutschow
may show himself entitled. Four temporary injunctions were granted in this cause, the fourth one being entered less than
three days before the trial on the merits. Each set of temporary orders restricted the Floreses' ability to exercise control over
F/G Enterprises's assets and premises and prevented them from interfering with Gutschow's operation of the business. All
these temporary orders were entered pursuant to an original petition for injunctive relief, filed in this cause on August 2,
1999. We construe the original and subsequent petitions for injunctive relief as supplemental to the plaintiff's original
petition seeking damages and declaratory relief.

Courts look to the substance of a plea for relief and not merely to the form of title given to it when determining the nature
of a pleading. State Bar of Tex. v. Heard, 603 S.W.2d 829, 833 (Tex. 1980). A supplemental petition is a response to the
last preceding pleading by the other party and does not repeat allegations previously pleaded unless such repetition is
necessary. Tex. R. Civ. P. 69. We hold that the petitions filed in this cause seeking injunctive relief were supplements to
the plaintiff's petition for damages and declaratory relief which put the Floreses on notice of the type of relief sought and
provided the court adequate basis for granting injunctive relief in its final judgment. Cf. Vasquez v. Bannworths, Inc., 707
S.W.2d 886, 888 (Tex. 1986) ("A petition not purely for injunctive relief need only disclose facts showing that an
injunction may be properly granted as incidental relief."); Miller v. Armogida, 877 S.W.2d 361, 364-65 (Tex.
App.--Houston [1st Dist.] 1994, writ denied) (holding that general request for relief sufficient basis for injunction imposed
as sanction). Accordingly, we hold the trial court did not err in granting injunctive relief after trial on the merits.

Having disposed of all the appellants' issues, we affirm the order of the trial court.



______________________________

J. BONNER DORSEY,

Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 13th day of December, 2001.

 

1. Flores/Gutschow Enterprises, L.L.C. is referred to herein as F/G Enterprises.