**Jeffrey Daniel WHITE, by his friend Diane White, Appellant,**

v.

**CORPUS CHRISTI LITTLE MISSES KICKBALL ASSOCIATION,**
**Appellee.**

No. 991.

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 29, 1975.

Michael W. Williams, Corpus Christi, for appellant.

Gerald L. Benadum, Corpus Christi, for appellee.

## OPINION

BISSETT, Justice.

This is an appeal from a judgment that denied plaintiff's application for a permanent injunction. Jeffrey Daniel White, a ten (10) year old male child, acting by and through his mother, Diane White, as next friend, instituted suit against Corpus Christi Little Misses Kickball Association (the Association) on March 18, 1975. It was alleged that plaintiff attempted to register for participation in the activities of the Association, and that he was refused registration and participation therein solely because of his sex. He prayed that the defendant be permanently enjoined from "refusing to allow plaintiff registration and participation" in the Association's program on account of his sex. Trial was to the court without the aid of a jury. After hearing the evidence, the trial court rendered judgment which denied plaintiff's application for injunctive relief.

Plaintiff's action is based upon his contentions that defendant's refusal to allow him to register and participate in the activities and program of the Association because of his sex was a denial of his right to equal protection of the law, guaranteed him by the Fourteenth Amendment to the Federal Constitution, and by the Tex.Const. art. III, § 3a (1972), the "Equal Rights Amendment", and that he is entitled to injunctive relief because state action is subject to the Equal Rights Amendment, and the Fourteenth Amendment extends "to private conduct that is encouraged by, enabled by, or closely related in function with state action." He also contends that he established a prima facie case which was not controverted by any evidence to the contrary, and that under the uncontroverted facts he was entitled to injunctive relief as a matter of law. The contentions cannot be sustained.

The Fourteenth Amendment to the Federal Constitution has reference to state action exclusively, and not to any action of private individuals. *Ex Parte, The Commonwealth of Virginia*, 100 U.S. 313, 25 L.Ed. 667 (1879); *United States v. Elliott*, 418 F.2d 219 (Cir.Ct.App.—9th Cir. 1969). The activities and program of defendant in the instant case are not shown by the record to be connected, directly or indirectly, with "state action". The record does not support plaintiff's claims that his evidence established a prima facie case that entitled him to judgment as a matter of law. There is nothing before this Court which shows that plaintiff met his burden of proof, irrespective of whether plaintiff's evidence was controverted or not.

The record consists solely of the transcript. There is neither a statement of facts prepared in accordance with Rule 377, T.R.C.P., nor an agreed statement prepared in accordance with Rule 378, T.R.C.P., before this Court. Findings of fact were neither requested nor filed. The judgment recites that the trial court "heard" and "considered" the evidence. Under such circumstances, we must presume that the trial court found every fact in issue necessary to sustain its judgment. *Mays v. Pierce*, 154 Tex. 489, 281 S.W.2d 79 (Tex.Sup.1955); *Armenta v. Nussbaum*, 519 S.W.2d 673 (Tex. Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.); *City of Corpus Christi v. Gilley*, 458 S.W.2d 124 (Tex.Civ.App.—Corpus Christi 1970, writ ref'd n. r. e.); *Rea Express v. Missouri Pacific Railroad Company*, 447 S.W.2d 721 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ ref'd n. r. e.); *Carver v. City of Wichita Falls*, 427 S.W.2d 636 (Tex. Civ.App.—Fort Worth 1968, writ ref'd n. r. e.).

It is only in an exceptional case, i. e., where fundamental error is presented, that an appellant is entitled to a reversal of the trial court's judgment in the absence of a statement of facts. *Houston Fire & Casualty Ins. Co. v. Walker*, 152 Tex. 503, 260 S.W.2d 600 (Tex.Sup.1953). This is not such an exceptional case. Fundamental error is

not presented by the record in this appeal. Therefore, every reasonable presumption consistent with the record will be indulged in favor of the correctness of the judgment rendered in this case by the trial court. *McElyea v. Parker*, 125 Tex. 225, 81 S.W.2d 649 (Tex.Comm'n App. 1935, opinion adopted).

■ It is not incumbent upon an appellee in an appeal to show that the judgment rendered in his favor by the trial court is sustained by the evidence, but the burden is on the appellant to bring before the appellate court a record which reveals error that requires a reversal. *Englander Co. v. Kennedy*, 428 S.W.2d 806 (Tex.Sup.1968). No such record is here presented by the plaintiff. In the case at bar, in the absence of a complete or an agreed statement of facts which contains the evidence which was introduced at the trial, we must presume that there was evidence to support the judgment of the trial court. Plaintiff's points cannot be sustained.

Even though there is neither a complete statement nor an agreed statement of facts in the record, plaintiff contends that this Court, pursuant to the provisions of Rule 419, T.R.C.P., should accept as true certain statements "as to the facts" contained in his original brief which he says were not challenged by defendant in its reply brief. The statements which plaintiff says are unchallenged statements of fact, as they appear in his brief, read:

"That he (plaintiff) was denied registration into the program on account of his sex is an uncontroverted fact."

\* \* \* \* \* \*

"Testimony in the trial below established that the kickball games were played and were to be played in a public park."

■ Rule 419 is permissive rather than mandatory. It merely states that "any statement made by appellant in his original brief as to the facts or the record *may* be accepted by the court as correct unless challenged by the opposing party." (Emphasis supplied). Consequently, we do have some discretion in applying the Rule. *Clyde v. Hamilton*, 414 S.W.2d 434 (Tex.Sup.1967).

■ One purpose of Rule 419 is to avoid casting on the appellate court the appellee's burden of searching the record to determine whether the appellant's statement of the evidence contained in the statement of facts is correct. *Donnelly v. Donnelly*, 220 S.W.2d 278 (Tex.Civ.App.—Fort Worth 1949, writ ref'd n. r. e.); *Whatley v. Whatley*, 493 S.W.2d 299 (Tex.Civ.App.—Dallas 1973, no writ). The Rule, however, was not intended to act as a substitute for the filing of a statement of facts as part of the record in an appeal. Here, there is no statement of facts for the appellate court to search. Nowhere in plaintiff's brief is there a quotation of any testimony of any witness. No reference is made therein to any facts testified to by a witness. The statements made by plaintiff in his brief that certain facts are uncontroverted rest solely upon plaintiff's conclusions as to the effect of testimony, the context and exactness of which is not disclosed by the brief.

The record in this case does not justify our acceptance of plaintiff's statements in his brief "as to facts" as being correct. To do so would require us to accept those statements in lieu of a statement of facts. This, we decline to do. We exercise our discretion by refusing to accept the above-quoted statements in plaintiff's brief as being correct statements of facts.

Furthermore, there is a cogent reason why this Court cannot and should not accept plaintiff's statements as being correct. The statements in plaintiff's brief which he claims are statements of uncontroverted facts were challenged by defendant in his briefs. In view of such challenges, we are not warranted in applying Rule 419 to this case. See *Clyde v. Hamilton*, supra; *Coleman v. Pacific Employers Insurance Company*, 484 S.W.2d 449 (Tex.Civ.App.—Tyler 1972, writ ref'd n. r. e.).

■ Plaintiff also contends that he established a prima facie case in his favor in the trial court, and since defendant did not introduce any evidence in rebuttal, that he was entitled to judgment. Those contentions cannot be sustained. They are statements of legal conclusions, not of facts.

■ Plaintiff impliedly argues that this Court should reverse the judgment of the trial court and render judgment in his favor for the injunctive relief prayed for because "he provided the trial court with a verified petition . . . and a memorandum of points and authorities", and that the defendant furnished neither. The argument is without merit. Assuming, arguendo, that plaintiff's petition was properly verified, it is well settled that the allegations in plaintiff's verified petition for injunctive relief are not evidence and cannot, standing alone, support a judgment for plaintiff. *Millwrights Local Union No. 2484 v. Rust Engineering Co.*, 433 S.W.2d 683 (Tex.Sup. 1968). The "Memorandum of points and authorities" presented by plaintiff to the trial court is not evidence; we cannot treat that statement as a statement "as to the facts" of this case. *Pope v. American National Insurance Co.*, 443 S.W.2d 377 (Tex. Civ.App.—Tyler 1969, writ ref'd n. r. e.).

■ The reference which plaintiff makes in his brief to the public accommodation ordinance which he says was passed by the City of Corpus Christi on December 2, 1964, and which he "suggests" could apply to this case in such a manner as to afford him injunctive relief, is of no assistance to plaintiff in this appeal. There is no indication in either the record or plaintiff's brief that this ordinance was introduced in evidence at the trial of this case.

Plaintiff has not shown any legal basis for a reversal of the trial court's judgment. The transcript and the briefs do not support plaintiff's claim that the uncontroverted facts entitle him injunctive relief as a matter of law. It, therefore, follows that the judgment of the trial court must be affirmed. All of plaintiff's points of error are overruled.

The judgment of the trial court is affirmed.