**Roy BROCKETTE and Wife, Moses Brockette, Appellants,**

v.

**Leticia Barreda SOSA, Appellee.**

No. 13–83–496–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1984.

Richard Arroyo, Brownsville, for appellants.

Tom Matlock, McAllen, for appellee.

Before GONZALEZ, YOUNG and UTTER, JJ.

## OPINION

GONZALEZ, Justice.

This is an appeal from a take nothing judgment in a personal injury case wherein plaintiffs alleged that the defendant was guilty of negligence per se in entrusting her vehicle to an unlicensed driver. Appellant asserts that the trial court erred in granting a directed verdict because plaintiffs made a prima facie case of liability. Appellants did not file a statement of facts nor an agreed statement of facts, without which we must presume that there was evidence to support the judgment. We affirm.

In *Englander Co. v. Kennedy*, 428 S.W.2d 806 (Tex.1968), the Supreme Court wrote:

> The burden is upon a party appealing from a trial court judgment to show that the judgment is erroneous in order to obtain a reversal. When the complaint is that the evidence is factually or legally insufficient to support vital findings of fact, or that the evidence conclusively refutes vital findings, this burden cannot be discharged in the absence of a complete or an agreed statement of facts.

428 S.W.2d at 807.

■ Though *Englander* involved a bench trial wherein findings of fact and conclusions of law were filed, we are of the opinion that the same principles are applicable when the court directs a verdict. The burden is on the appellant to show an erroneous judgment, and, when the complaint concerns the sufficiency of the evidence, this burden cannot be discharged in the absence of a complete or an agreed statement of facts.

■ As stated by this Court in *White v. Corpus Christi Little Misses Kickball Association*, 526 S.W.2d 766 (Tex.Civ.App.—Corpus Christi 1975, no writ) (a bench trial with no findings or conclusions):

> It is not incumbent upon an appellee in an appeal to show that the judgment rendered in his favor by the trial court is sustained by the evidence, but the burden is on the appellant to bring before the appellate court a record which reveals error that requires a reversal.... In the case at bar, in the absence of a complete or an agreed statement of facts which contains the evidence which was introduced at the trial, we must presume that there was evidence to support the judgment of the trial court.

526 S.W.2d at 769.

In *Guynn v. Corpus Christi Bank & Trust*, 589 S.W.2d 764 (Tex.Civ.App.—Corpus Christi 1979, writ dism'd), this Court held:

> Where an instructed verdict is granted, there are certain presumptions which a reviewing court must follow in determining whether there are grounds for reversal. First and foremost, the appellate court must undertake an examination of the facts following the presumption that all evidence must be viewed in a light most favorable to the appellant.

589 S.W.2d at 769. Here, we have no facts to which to apply the presumption.

In *Guynn*, we also wrote: "There are also certain presumptions which establish the burden upon the appellant during the review of an instructed verdict. The burden rests upon the appellant to establish that he has presented 'some evidence' on each and every element of the various causes of action in the pleadings." *Id.* at 770.

■ Appellants allege in their first point of error that they made out a prima facie case of the liability of defendant. However, this statement constitutes a legal conclusion. *Corpus Christi Little Misses Kickball Association*, 526 S.W.2d at 770. Absent a statement of facts, statements in a brief referring to testimony said to have been introduced on trial of the case cannot be considered. *McMahan v. Musgrave*, 229 S.W.2d 894, 898 (Tex.Civ.App.—Eastland 1950, writ dism'd).

The judgment in this case reflects that evidence was heard. We must presume that it was sufficient to support the judgment rendered. *Webb v. Webb*, 393 S.W.2d 408, 409 (Tex.Civ.App.—Houston [1st Dist.] 1965, no writ). We, therefore, overrule appellants' first point of error that the trial court erred in granting defendant's motion for directed verdict. *See Home Fund, Inc. v. Garland*, 520 S.W.2d 939, 944 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n.r.e.) (motion for judgment not reviewed absent a statement of facts).

In their second point of error, appellants allege the court erred in directing a verdict in favor of defendant because Mr. Sosa, to whom defendant allegedly entrusted her vehicle, was required to have a Texas driver's license under the provisions of TEX. REV.CIV.STAT.ANN. art. 6687b § 3A (Vernon Supp.1984).

In pertinent part, the statute at the time of the accident provided as follows:

> A person who enters this State as a new resident may operate a motor vehicle in this State only as an operator for thirty (30) days after entering the State if he is at least sixteen (16) years of age and has in his immediate possession a valid operator's, chauffeur's, or commercial operator's license issued to him by his state or county of previous residence.

Act of June 14, 1973, ch. 481, § 1, 1973 TEX.GEN.LAWS 1291–92 *amended by* Act of June 16, 1983, ch. 345 § 2, 1983 TEX. GEN.LAWS 1793, 1800.

Without a statement of facts, we are unable to determine whether the statute is applicable or what effect it would have if applicable. With no evidence to review in plaintiffs' favor, we cannot determine whether the trial court properly withdrew the case. Appellants' second point of error is overruled.

In their third point of error, appellants allege that the question of the existence of Mr. Sosa's Mexican driver's license was one of fact for the jury. Again, with no statement of facts before this Court, we cannot review the trial court's action in directing a verdict. The burden was upon the appellants to show error that requires reversal.

Absent a statement of facts, we must presume there was evidence to support the judgment of the trial court. *Little Misses Kickball Association*, 526 S.W.2d at 769. Appellants' third point of error is overruled.

The judgment of the trial court is AFFIRMED.