John MENDLESKI, Appellant,

v.

Sonja SILVERTOOTH, et al., Appellees.

No. 13-90-020-CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 4, 1990.

Richard J. Hatch Sr., Prichard, Peeler, Cartwright & Hall, Corpus Christi, for appellant.

Michael P. O'Reilly, Corpus Christi, for appellees.

Before KEYS and KENNEDY, JJ.

## OPINION

KEYS, Justice.

Appellant John Mendleski filed suit under the Uniform Declaratory Judgment Act[1] against appellees Sonja Silvertooth and Fritz Fischer. Appellant sought damages as well as declaratory and injunctive relief for breach of a commercial lease agreement. Appellees counterclaimed for damages. They alleged appellant breached the covenant of quiet enjoyment and interfered with their business. The jury found no lease violations by either party. No money relief was awarded. The trial court entered a temporary injunction and, after trial, permanently enjoined appellee from violating the lease. It also denied both parties' claims for attorneys' fees. Appellant, by one point of error, claims his attorney's fees should have been granted, and appellees, by two cross-points claims the injunctive relief was improper. We affirm.

The lease limited use of the leasehold in appellant's shopping center "for the purposes of operating a Retail Establishment, including a Bakery and Catering Service, no open Bar, or complete restaurant." Appellant's petition alleged that a complete restaurant was being operated in violation of the lease. The basis for injunctive relief was that excessive use of the limited parking space interfered with other tenants' business.

Appellees pleaded the defenses of waiver and ratification. Their counterclaim for

---

1. Tex.Civ.Prac. & Rem.Code Ann. §§ 37.001–37.-011 (Vernon 1989).

breach of the covenant of quiet enjoyment alleged interference with their lawful use of the premises. The actions complained of included interruption of utilities, rumors and slander, denial of parking, and harassment.

Trial was to the jury. It found no breach of the lease by either party. In response to special questions, the jury found that the lease allowed the service of beer and wine, and the specific types of food listed on the menu. The jury also determined the amount of reasonable attorneys' fees for each party. The trial court enjoined appellees from serving alcoholic beverages except beer and wine, selling any food not listed on the menu except for surplus catered items, and advertising the sale of any prohibited food or drink. Both parties' requests for attorneys' fees were denied.

By appellant's first point of error he complains that the trial court erred in failing to grant attorney's fees. There were two possible theories for granting attorney's fees: Tex.Civ.Prac. & Rem.Code Ann. § 38.001(8) (Vernon 1989) and the Uniform Declaratory Judgments Act, Tex.Civ.Prac. & Rem.Code Ann. § 37.009 (Vernon 1989).

■ No statement of facts was filed in this appeal. In the absence of a statement of facts, we must presume the evidence supports the judgment. *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex.1987); *Brockette v. Sosa*, 675 S.W.2d 807, 809 (Tex.App.—Corpus Christi 1984, no writ). Thus, appellant must show he is entitled to attorney's fees as a matter of law.

■ Entitlement to attorneys' fees for breach of contract under § 38.001(8) occurs only if the claimant alleges and proves presentment of the claim. *Mackey v. Mackey*, 721 S.W.2d 575, 579 (Tex.App.—Corpus Christi 1986, no writ); *Western Cas. and Sur. Co. v. Preis*, 695 S.W.2d 579, 589–91 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.); *Manges v. Mustang Oil Tool Co.*, 658 S.W.2d 725, 730 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.); Tex.Civ.Prac. & Rem.Code Ann. § 38.002(2) (Vernon 1989). Although failure to properly plead presentment would be waived ab-

sent a special exception, *Paramount Pipe & Supply Co. v. Muhr*, 749 S.W.2d 491, 496 (Tex.1988), this does not eliminate the need to adduce some evidence of presentment. *Mackey*, 721 S.W.2d at 579. Because there is no statement of facts, we cannot determine whether there is any evidence of presentment. Lack of evidence of presentment supports the judgment denying attorney's fees. We must, therefore, presume that there was no evidence of presentment. *Brockette*, 675 S.W.2d at 809.

■ Another requirement for entitlement to attorney's fees under § 38.001(8) is success on the contract claim. *Davis Masonry, Inc. v. B–F–W Constr. Co.*, 639 S.W.2d 448, 448 (Tex.1982). The jury found that neither party breached the contract. The injunction essentially maintains the status quo. Thus, there was no recovery that could form the basis of an award of attorneys' fees under § 38.001(8). *Village Medical Center, LTD v. Apolzon*, 619 S.W.2d 188, 191 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ).

■ Under the Uniform Declaratory Judgments Act, granting or denying attorney's fees is discretionary. *Oake v. Collin County*, 692 S.W.2d 454, 455 (Tex.1985). As discussed above, it appears that the injunctive relief granted was based on the Uniform Declaratory Judgments Act. Without any award of money damages, and there being no apparent prevailing party, it was well within the discretion of the trial judge to refuse any award of attorneys' fees. *Oake*, 692 S.W.2d at 455–56. Appellant's point of error is overruled.

■ By appellees' first and second cross-points they complain that the injunction against selling certain types of food and advertising the sale of prohibited food is improper.

■ Injunctive relief is appropriate under the Uniform Declaratory Judgments Act. *Davis v. Pletcher*, 727 S.W.2d 29, 35 (Tex.App.—San Antonio 1987, writ ref'd n.r.e.). Such relief may be granted "when-

ever necessary or proper." Tex.Civ.Prac. & Rem.Code Ann. § 37.011 (Vernon 1989).

■ Our review of appellees' cross-points is seriously limited because there is no statement of facts. *Brockette*, 675 S.W.2d at 809. The party who seeks appellate review of a particular point is responsible for presenting a complete record on that point because it has the burden of proving error. *Simon*, 739 S.W.2d at 795; *Brockette*, 675 S.W.2d at 809. We must, therefore, presume that the evidence supports injunctive relief.

Although the jury found no violations of the contract, this non-finding is not necessarily a bar to injunctive relief. *State v. Texas Pet Foods, Inc.*, 591 S.W.2d 800, 804 (Tex.1979). We view injunctive relief, under the limited facts before us, as a proper exercise of the trial court's power because injunctive relief is ancillary to the declaration of the parties' rights. *Davis*, 727 S.W.2d at 29. We are not presented with sufficient facts to find otherwise.

■ Appellees argue. that appellant's pleadings did not specifically request injunctive relief against advertising the sale of prohibited food items. Appellant's petition as a whole did, however, allege facts which would permit an injunction against advertising the sale of prohibited food items. Thus, it was not defective. *Texas State Bd. of Examiners in Optometry v. Lane*, 349 S.W.2d 763, 764 (Tex.Civ.App.—Fort Worth 1961, no writ). Moreover, the pleadings did request further appropriate relief. The court could have found, based on the evidence, that this relief was appropriate and proper. We overrule appellee's second cross point.

The judgment of the trial court is AFFIRMED.