Scnear v. Scnear 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-91-417-CV




MARILYN KAY SCNEAR,



 APPELLANT


vs.





ROGER DEAN SCNEAR,



 APPELLEE


 




FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT



NO. 90-0097, HONORABLE ROBERT T. PFEUFFER, JUDGE PRESIDING



 




PER CURIAM


 Appellant Marilyn Kay Scnear petitioned the district court for a decree of divorce
from appellee Roger Dean Scnear. The court rendered judgment divorcing Marilyn and Roger,
awarding conservatorship of their three children, setting child support, and dividing the
community estate. Marilyn appeals the district court's decree.

 In her first point of error, Marilyn contends that the trial court erred in allowing
Roger to change his prior election of her as beneficiary of his military survivor's benefits. The
trial court decreed, as a division of the Scnears' community property, that Roger elect the eligible
survivor of his choice as beneficiary of the Armed Services Survivor Benefit Plan and that any
prior election not affect Roger's choice. See 10 U.S.C. §§ 1447-1467 (1988 & Supp. II 1990). 
Marilyn argues that the trial court failed to recognize that when he retired from the military,
Roger had elected her as beneficiary under the plan.

 Marilyn's argument that the trial court was obligated to order Roger to retain her
as beneficiary upon divorce depends on her assertion that Roger had designated her as beneficiary
during their marriage. Marilyn has not brought forward a statement of facts, however, and the
record does not otherwise show that Roger had elected her as beneficiary during the marriage. 
But because Roger has not filed a brief on appeal, Marilyn's contention that Roger had previously
named her as beneficiary is unchallenged. This Court may accept any unchallenged statement an
appellant makes in her brief as correct. Tex. R. App. P. 74(f). Whether to accept Marilyn's
statement as correct is a decision within the Court's discretion. Clyde v. Hamilton, 414 S.W.2d
434, 441 (Tex. 1967). 

 One purpose of Rule 74(f) is to avoid casting on the appellate court the appellee's
burden of searching the record to determine whether appellant's statement of the evidence is
correct. White v. Corpus Christi Little Misses Kickball Ass'n, 526 S.W.2d 766, 769 (Tex. Civ.
App.--Corpus Christi 1975, no writ); City of Caldwell v. Schumacher, 204 S.W.2d 471, 471 (Tex.
Civ. App.), rev'd on other grounds, 206 S.W.2d 243 (Tex. 1947). Although some appellate
courts have allowed unchallenged factual statements to substitute for matters not included in the
record, one court of appeals has held that Rule 74(f) was not intended to provide a substitute for
filing a statement of facts as part of the record on appeal. White, 526 S.W.2d at 769; cf. S.B. &
T. Gem Imports, Inc. v. Creswell, 671 S.W.2d 145, 146 (Tex. App.--Houston [1st Dist.] 1984,
no writ); Whatley v. Whatley, 493 S.W.2d 299, 304 (Tex. Civ. App.--Dallas 1973, no writ);
Johnson v. Texas Bd. of Chiropractic Examiners, 449 S.W.2d 145, 147-48 (Tex. Civ.
App.--Amarillo 1969, no writ).

 Marilyn has the burden on appeal of presenting a record that shows the error of
which she complains. Tex. R. App. P. 50(d); Jackson v. United States Fidelity & Guar. Co., 689
S.W.2d 408, 412 (Tex. 1985). When a claim of error requires the establishment of a particular
fact and that fact is not shown by the record, an appellate court cannot reverse the trial court's
judgment. Texas & N.O. R.R. v. Hayes, 293 S.W.2d 484, 487 (Tex. 1956); Amoroso v. Aldine
Indep. Sch. Dist., 808 S.W.2d 118, 120 (Tex. App.--Houston [1st Dist.] 1991, writ denied); e.g.,
Jackson, 689 S.W.2d at 412. More specifically, if neither findings of fact nor a statement of facts
exists, the appellate court must indulge every presumption in favor of the trial court's judgment
and must affirm the judgment unless the record on its face presents fundamental error. 
Commercial Credit Corp. v. Smith, 187 S.W.2d 363, 365 (Tex. 1945); McElyea v. Parker, 81
S.W.2d 649, 653 (Tex. 1935); McFadden v. Farmers and Merchants Bank, 689 S.W.2d 330, 332
(Tex. App.--Fort Worth 1985, no writ). The record in this cause does not include a statement of
facts or findings of fact, nor does it show fundamental error. Our duty to reverse only for error
shown of record and to indulge every presumption that the judgment is correct in the absence of
a statement of facts conflicts with our authority to accept Marilyn's unchallenged factual assertion. 
Because we can reverse only for error shown by the record, we decline to rely on Marilyn's claim
that she was the previous beneficiary of Roger's Survivor Benefit Plan. E.g., White, 526 at 769. 


 Nevertheless, when the trial court ordered Roger to choose an eligible beneficiary,
it also decreed that Roger's choice of beneficiary "not be affected or limited by any prior
election." Once a servicemember chooses a beneficiary under the Armed Forces Survivor Benefit
Plan, the provisions of the Plan determine his options in revoking that beneficiary and choosing
another. See 10 U.S.C. §§ 1448-1450 (1988 & Supp. II 1990). The trial court could not grant
Roger more options than he has under federal law. Free v. Bland, 369 U.S. 663, 666-68, 670
(1962); Allison v. Allison, 690 S.W.2d 340, 343 (Tex. App.--Fort Worth), writ ref'd n.r.e., 700
S.W.2d 914 (Tex. 1985). To the extent that the trial court's decree grants Roger greater choice
in changing beneficiaries than federal law grants him, the decree is void. We therefore modify
the judgment to delete the phrase "and his choice shall not be affected or limited by any prior
election." With such modification to the decree, point one is overruled.

 In point of error two, Marilyn contends that the trial court abused its discretion by
divesting her of benefits under the Armed Forces Survivor Benefit Plan. See 10 U.S.C. § 1450(g)
(1988). Marilyn's argument that the court lacked authority to divest her of survivor's benefits
again depends on the fact that Roger had previously designated her as beneficiary. In addition to
the reasons discussed above, a determination of whether the trial court abused its discretion in
dividing property requires an evaluation of the testimony adduced at trial. Mosolowski v.
Mosolowski, 562 S.W.2d 24, 26 (Tex. Civ. App.--Tyler 1978, no writ). Absent a record showing
an abuse of discretion, the reviewing court presumes that the evidence was adequate to support
the trial court's decision. Simon v. York Crane & Rigging Co., 739 S.W.2d 793, 794-95 (Tex.
1987). We overrule point two.

 The judgment of the trial court is modified to delete the phrase "and his choice shall
not be affected or limited by any prior election" and, as modified, affirmed.


[Before Chief Justice Carroll, Justices Jones and Kidd]

Modified and, as Modified, Affirmed

Filed: February 17, 1993

[Do Not Publish]