NUMBER
13-01-859-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

 



 

CITY OF SAN BENITO,                                                          Appellant,

 

                                                   v.

 

CLARENCE ARTHUR EBARB, JR., ET AL.,                               Appellees.

 



 

                   On
appeal from the County Court at Law No. 3

                                 of
Cameron County, Texas.

 



 

                                   O
P I N I O N

 

                     Before
Justices Hinojosa, Yañez, and Castillo

                                  Opinion
by Justice Castillo                  

 








This is an interlocutory appeal from the denial of
a plea to the jurisdiction.[1]  In one issue, appellant City of San Benito (ACity@) asserts that the trial court does not have
jurisdiction since appellees failed to exhaust their administrative remedies
under chapter 143 of the Texas Local Government Code.  We reverse and remand.

Background

Appellees[2]
are law enforcement officers employed by the City.  On April 23, 1999, appellees filed suit
against the City, claiming that the City Afailed and refused@ to compensate appellees in accordance with the
requirements of city ordinance 2119 and seeking actual damages as well as pre-
and post-judgment interest on those damages. 
Specifically, they claimed that ordinance 2119 had raised the base pay[3]
for the sergeant, captain and major assistant chief classifications and thus
plaintiffs, who were so classified, should have received the increased
salaries.  The City filed special
exceptions to appellees= original petition stating that:  (1) 
appellees failed to plead that a valid, enforceable contract came into
being through an offer, acceptance, and consideration; and, (2) Ato the extent that there existed a contract between
San Benito and Plaintiffs because Plaintiffs have failed to plead and [sic]
that all conditions precedent to the alleged contract have occurred.@  On October
10, 2001, the trial court signed an order sustaining both special
exceptions.  The order did not provide a
deadline for amendment of the petition.  








Subsequently, appellees filed their first amended
petition.  To this, the City filed
special exceptions, asserting that, as appellees were alleging that the City
was violating its own ordinance, they were attempting to raise a claim of
negligence per se and had failed to properly plead such a claim and thus failed
to give the City reasonable notice of the claims against it.  The City did not obtain a ruling on its
second special exceptions.   

The City also filed a plea to the jurisdiction in
response to the first amended original petition, asserting that: appellees
failed to exhaust their administrative remedies; appellees were required to
file suit in the district court; and the City was entitled to sovereign
immunity.  On the day of the trial, which
was also the date of the hearing on the plea to the jurisdiction, but prior to
the actual hearing, the appellees amended their petition and filed their AThird Amended Original Petition,@[4] which the trial court granted leave to file at the
conclusion of the hearing.  Appellees
also filed a response to the City=s second special exceptions, denying the City=s assertion that their cause of action was based
upon Anegligence
per se@ and
urging that their First Amended Original Petition stated a claim for
declaratory relief and judgment, noting that they had filed a Third Amended
Original Petition which added a statutory reference to the Uniform Declaratory
Judgments Act Afor specificity and clarity.@   Their
response to the plea to the jurisdiction, also filed that morning, likewise
asserted that the cause was brought as a suit for declaratory judgment and
argued that sovereign immunity was therefore waived.

The trial court, after hearing arguments from both
sides, denied the plea to the jurisdiction and this appeal ensued.

 








Issue Presented 

On appeal, the City complains only of the
exhaustion of administrative remedies argument urged in its plea below.  In particular, the City asserts that the trial
court lacks subject matter jurisdiction over the appellees= claims because the pleadings do not and cannot by
further amendment satisfy the requirement that appellees exhaust administrative
remedies under chapter 143 of the Texas Local Government Code.  More specifically, the City claims that the
appellees should have filed a request with the Civil Service Commission for an
investigation, hearing, and final determination of their complaint and that Aultimately@ their claims must be heard in a state district
court and not a county court.[5]   Appellees counter that exhaustion of
administrative remedies is not required because there is no mandatory
exhaustion of remedies requirement applicable to this case.[6]

Standard of Review








This appeal is strictly limited to our review of
the trial court=s ruling on the plea to the jurisdiction.  Tex.
Civ. Prac. & Rem. Code Ann. '51.014(a)(8) (Vernon Supp. 2002).  A plea to the jurisdiction is the vehicle by
which a party contests the trial court's authority to determine the subject
matter of the cause of action.  State
v. Benavides, 772 S.W.2d 271, 273 (Tex. App.BCorpus Christi 1989, writ denied).  A governmental unit may properly challenge a
trial court=s
subject matter jurisdiction by filing a plea to the jurisdiction since absent
the state=s
consent to suit a trial court has no subject matter jurisdiction.  Tex. Dep=t of Transp. v. Jones, 8 S.W.3d 636, 638-39 (Tex. 1999). 








The plaintiff bears the burden of alleging facts
affirmatively demonstrating the trial court=s jurisdiction to hear a case.  Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993);  Mission Consol. Indep. Sch. Dist. v.
Flores, 39 S.W.3d 674, 676 (Tex. App.BCorpus Christi 2001, no pet.).  A trial court must not weigh the merits of
the case, but instead consider only the pleadings and evidence pertinent to the
jurisdictional question.  County of
Cameron v. Brown, 45 Tex. Sup. Ct. J. 680, 2002 Tex. LEXIS 58, at *9-10
(Tex. May 23, 2002)(citing Texas Natural Res. Conservation Comm=n v. White,
46 S.W.3d 864, 868 (Tex. 2001) and Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 554 (Tex. 2000)).  In doing
so, the trial court must construe the plaintiff=s pleadings liberally in favor of jurisdiction, Peek
v. Equip. Serv. Co., 779 S.W.2d 802, 804 (Tex. 1989), and must take all
factual allegations pled as true, unless the defendant pleads and proves that
the allegations were fraudulently made in order to confer jurisdiction.  Continental Coffee Prods. Co. v.
Casarez, 937 S.W.2d 444, 449 (Tex. 1996). 
If a plaintiff pleads facts that affirmatively demonstrate an absence of
jurisdiction and such defect is incurable, immediate dismissal of the case is
proper.  Peek, 779 S.W.2d at
804-05; City of Austin v. L.S. Ranch, 970 S.W.2d 750, 753 (Tex. App.BAustin 1998, no pet.).   However, the mere failure of a petition to
state a cause of action does not show a want of jurisdiction in the court.  Bybee v. Fireman=s Fund Ins. Co., 160 Tex. 429, 331 S.W.2d 910, 917 (1960).  If the plaintiff=s pleadings are insufficient to demonstrate the
court=s
jurisdiction,  but do not affirmatively
show incurable defects in jurisdiction, the proper remedy is to allow the
plaintiff an opportunity to amend before dismissing.  Brown, 2002 Tex. LEXIS 58, at *10; Peek,
779 S.W.2d at 804-05.    On appeal, because the question of subject
matter jurisdiction is a legal question, we review the trial court's ruling on
a plea to the jurisdiction under a de novo standard of review.  Mayhew v. Town of Sunnyvale, 964
S.W.2d 922, 928 (Tex. 1998). To determine whether the plaintiff has
affirmatively demonstrated the court=s jurisdiction to hear the case, we consider the
facts alleged by the plaintiff, and to the extent it is relevant to the
jurisdictional issue, the evidence submitted by the parties.  White, 46 S.W.3d at 868.  Like the trial court, we must construe the
pleadings in the plaintiff=s favor and look to the pleader=s intent.  Brown,
2002 Tex. LEXIS 58, at *10.  Our task is
not to determine the merits of the case but rather to examine the petition,
taking as true the facts pled, and determine whether those facts support
jurisdiction in the trial court.  Baston
v. City of Port Isabel, 49 S.W.3d 425, 427-28 (Tex. App.BCorpus Christi 2001, pet. denied).

Discussion








In the present case, the City asserts that the
trial court lacks subject matter jurisdiction over appellees= claims because the pleadings do not, and cannot by
further amendment, satisfy the requirement to exhaust administrative remedies
under chapter 143 of the Texas Local Government Code.  Appellees claim that the trial court properly
denied the plea to the jurisdiction because their declaratory judgment action is
the proper action to determine the validity of an ordinance and the Civil
Service Commission has no authority to interpret statutes and ordinances.   

We must first examine the appellees= pleading and the nature of the claim raised and
relief sought. 

The Third Amended Original Petition

The City filed its plea to the jurisdiction against
appellees=
first amended petition.  That petition is
not in the record before us.  However,
prior to the hearing on the plea to the jurisdiction, appellees filed their AThird Amended Original Petition.@  During the
hearing, the arguments focused on that petition and, at the conclusion of the
hearing, the trial court granted leave for appellees to file the petition.  Thus we will examine the claim made in the
appellees=
third amended petition.








In the third amended petition, appellees asserted
that they were seeking declaratory relief and judgment, alleging that, by
enacting ordinance number 2119 effective October 1, 1995, the City established
new salary classifications and created a Alieutenant@ classification. 
Appellees claimed that representations were made to  four of the appellees that in October 1995,
they would be assigned this classification, with its attendant salary.[7]  Appellees complained that during the fiscal
year between October 1, 1995 and September 30, 1996, the City did not
compensate them in accordance with ordinance number 2119 and they were deprived
of the classification and salary which had been represented to them, along with
the appropriate salary increases.[8]  Appellees further urged that, after October
1996, the City deprived them of the benefits under ordinance number 2119 by
enacting ordinance number 2143,[9]
effective October 1, 1996, which they claimed reduced their salary from the
previous year.   They sought Adeclaratory relief and judgment in their favor@ that: (1) they were entitled to be compensated in
accordance with ordinance 2119; (2) they were entitled to receive the yearly
increases which they would have received had appellant not reduced the salary
classifications under ordinance 2143; and (3) Ebarb, Garcia, Sauceda, and
Torres were entitled to receive the classification of lieutenant with Aaccompanying salary classification since October 1,
1995 with attendant yearly increases.@  They also
sought Aattorney=s fees and reasonable and necessary costs of this
suit, prejudgment and postjudgment interest and for such other and further
relief@ to
which they might show themselves justly entitled.  

Exhaustion of Administrative Remedies








The City argues that appellees are not seeking a
declaratory judgment but are, rather, seeking review of alleged violations of
the Firefighters and Police Officers Civil Service Act (hereinafter ACivil Service Act@).  Tex. Loc. Gov=t Code Ann. ''143.001- .363 (Vernon 1999 & Vernon Supp.
2002).  It argues that appellees= claim that the promulgation of ordinance 2143
necessarily resulted in a de facto demotion, falls directly within the
purview of the Civil Service Act, and appellees thus must have first sought the
administrative remedies related to demotions provided in that act.  See Tex.
Loc. Gov=t Code Ann. ''143.054, 143.010, 143.015 (Vernon 1999 & Supp.
2002)(dealing with demotions, commission appeal procedures and appellate review
of commission decisions, respectively).

We disagree. 
The petition makes no reference to any civil service commission decision
or in any way attempts to appeal any such decision.  Nor does it complain of a demotion granted in
violation of the Civil Service Act.  Indeed,
no violations of that act are alleged. 
The administrative remedies requirements of the Civil Service Act are
not prerequisites to a declaratory judgment action regarding the construction
or validity of a city ordinance.  See
Garcia-Marroquin v. Nueces County Bail Bond Bd., 1 S.W.3d 366, 378 (Tex.
App.BCorpus
Christi 1999, no pet.)(exhaustion of administrative remedies not required where
action seeks declaratory judgment concerning applicability or validity of
agency rule).








However, this determination does not answer the question
of whether the trial court had jurisdiction to hear this suit nor does it
satisfy our obligation on appeal. 
Appellant claims that a request for declaratory judgment was not proper
as it was a mere subterfuge for avoiding the administrative remedies
requirements mandated by the Civil Service Act. 
However, appellant does not claim on appeal, nor did it claim or prove
below, that appellees have asserted fraudulent facts or pled facts in bad
faith.  See Flores, 39 S.W.3d at
676.  The question before us is not
whether the pleading for a declaratory judgment was a subterfuge to avoid
compliance with the Civil Service Act but rather whether the plaintiffs= pleadings, as filed, affirmatively demonstrate the
court=s
jurisdiction to hear the case.  Tex.
Dep=t
of Crim. Justice v. Miller, 51
S.W.3d 583, 587 (Tex. 2001); Baston, 49 S.W.3d at 427-28; City of
Hidalgo Ambulance Serv. v. Lira, 17 S.W.3d 300, 304 (Tex. App.BCorpus Christi 2000, no pet.).  

In considering the question of the trial court=s jurisdiction, we note that subject matter
jurisdiction is never presumed and cannot be waived.[10]
Tex. Ass=n of Bus.,
852 S.W.2d at 443-44.  Since a
governmental unit is protected from suit by sovereign immunity, pleadings in a
suit against a governmental unit must affirmatively demonstrate, either by
reference to a statute or express legislative permission, that the legislature
consented to the suit.  Jones, 8
S.W.3d at 638.  Absent the state=s consent to suit, the trial court has no
jurisdiction.  Id.

Accordingly, since appellees= petition seeks a declaratory judgment against a
governmental unit, we must determine whether a claim for declaratory judgment
waives sovereign immunity and, if so, whether appellees have properly pled such
a claim so as to invoke jurisdiction in the trial court.  See Miller, 51 S.W.3d at 587 (mere
reference to a basis for waiver of sovereign immunity in a petition is not
enough to confer jurisdiction; the reviewing court must examine the scope of
the waiver and whether the allegations in the petition fall within the scope of
that waiver). 

Declaratory Judgments








A declaratory judgment action is not a grant of
jurisdiction but Amerely a procedural device for deciding cases
already within a court's jurisdiction.@Chenault v. Phillips, 914 S.W.2d 140, 141 (Tex. 1996); State v.
Morales, 869 S.W.2d 941, 947
(Tex.1994).  The stated purpose of the
Uniform Declaratory Judgments Act (AUDJA@)  is Ato settle and afford relief from uncertainty and
insecurity with respect to rights, status, and other legal relations.@  Tex. Civ. Prac. & Rem. Code Ann. ' 37.002(b) (Vernon 1997). 

The UDJA provides that:

A person interested under a deed, will, written
contract, or other writing constituting a contract or whose rights, status, or
other legal relations are affected by a statute, municipal ordinance, contract,
or franchise may have determined any question of construction or validity
arising under the instrument, statute, ordinance, contract, or franchise and
obtain a declaration of rights, status, or other legal relations thereunder. 

 

Tex. Civ. Prac. & Rem. Code Ann. ' 37.004(a) (Vernon 1997).

 

In the case of an action involving the validity of
a municipal ordinance or franchise, the municipality must be made a party and
is entitled to be heard. Tex. Civ. Prac.
& Rem. Code Ann. ' 37.006(b) (Vernon 1997).  In a proceeding for declaratory judgment, the
court may award costs and attorney=s fees.   Tex.
Civ. Prac. & Rem. Code Ann. ' 37.009 (Vernon 1997).  The court may also award further relief
whenever necessary or proper, but such relief must be within the existing
jurisdiction of the court.[11]  Tex.
Civ. Prac. & Rem. Code Ann. ' 37.011 (Vernon 1997); Tex. Dep=t of Pub. Safety v. Moore, 985 S.W.2d 149, 156-57 (Tex. App.BAustin 1998, no pet.).   








A declaratory judgment is appropriate only if a
justiciable controversy exists as to the rights and status of the parties and
the controversy will be resolved by the declaration sought.  Bonham State Bank v. Beadle, 907
S.W.2d 465, 467 (Tex. 1995). ATo constitute a justiciable controversy, there must
exist a real and substantial controversy involving genuine conflict of tangible
interests and not merely a theoretical dispute.@ Id.
(quoting Bexar-Medina-Atascosa Counties Water Control & Improvement  Dist. No.1 v. Medina Lake Prot. Ass=n, 640
S.W.2d 778, 779-80 (Tex. App.BSan Antonio 1982, writ ref=d n.r.e.)). 
A trial court has the discretion to enter a declaratory judgment so long
as it will serve a useful purpose or will terminate the controversy between the
parties.  Id. at 468.   But
a trial court may refuse to render or enter a declaratory judgment or decree if
it would not terminate the uncertainty or controversy giving rise to the
proceeding.  Tex. Civ. Prac. & Rem. Code Ann. ' 37.008 (Vernon 1997).                                      

Sovereign Immunity








Sovereign immunity, unless waived, protects the
State of Texas from lawsuits for damages absent legislative consent.  General Servs. Comm=n v. Little-Tex Insulation Co., Inc., 39 S.W.3d 591, 594 (Tex. 2001).  A city is deemed an agent of the state for
sovereign immunity purposes when exercising its powers for a public
purpose.  City of Galveston v.
Posnainsky, 62 Tex. 118, 127 (1884). 
Sovereign immunity derives from the principle that the sovereign may not
be sued in its courts without its consent. 
Tex. Workers= Comp. Comm=n v. Garcia, 862 S.W.2d 61, 72 (Tex. App.BSan Antonio 1993), rev=d on other grounds, 893 S.W.2d 504 (Tex. 1995).  Sovereign immunity encompasses two principles
B
immunity from suit and immunity from liability. 
Fed .Sign v. Tex. S. Univ., 951 S.W.2d 401, 405 (Tex. 1997).  Immunity from liability protects the State
from judgments, even where there is an express consent on the part of the
Legislature to permit a suit.  Id.  Immunity from liability is an affirmative
defense that must be pled or else it is waived. 
Jones, 8 S.W.3d at 638 (citing Davis v. City of San Antonio, 752
S.W.2d 518, 519-20 (Tex. 1988)). 
Immunity from suit, on the other hand, bars a suit against the State
unless the State expressly gives consent to the suit.  Fed. Sign, 951 S.W.2d at 405.   Immunity from suit then deprives a trial
court of subject matter jurisdiction over the governmental agency, even if liability
is undisputed.  Travis Co. v. Pelzel
& Assocs., Inc., 45 Tex. Sup. Ct. J. 623, 2002 Tex. LEXIS 54, at *5
(Tex. May 9, 2002)(citing Jones, 8 S.W.3d at 638). 

Declaratory Judgments and Sovereign Immunity








The Texas Supreme Court
has consistently distinguished between suits in which only a declaration of
rights against the State is sought and suits seeking money damages against the
State.  Fed. Sign, 951 S.W.2d at
404; W. D. Haden Co. v. Dodgen, 158 Tex. 74, 308 S.W.2d 838, 841 (1958);
Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 712 (1945); see also
Dewhurst v. Gulf Marine Inst. of Tech., 55 S.W.3d 91, 97 (Tex. App.BCorpus Christi 2001, pet. denied).  The former are not considered suits against
the State for damages and so no legislative consent is required.  Cobb, 190 SW.2d at 712.   However, a suit which is brought ostensibly
for the purpose of declaring rights, but actually seeks to impose liability on
the State for damages, is a suit against the State barred by sovereign
immunity.  Tex. Natural Res.
Conservation Comm=n v. IT-Davy, 45 Tex. Sup. Ct. J. 39, 2002 Tex. LEXIS 39, *16-17 (Tex. April 11,
2002); see also Cobb, 190 S.W.2d at 712; Dodgen, 308 S.W.2d at
841-42.  








Certain declaratory
judgment actions against state officials have been found not to implicate the
sovereign immunity doctrine.  IT-Davy,
2002 Tex. LEXIS 39, at *16. 
Specifically, a party may bring a suit seeking declaratory relief
against state officials who allegedly act without legal or statutory authority
and such suit is not Aa suit against the state@ because it does not attempt to subject the State
to liability.  Id.  Thus legislative consent is not required to
maintain such suits.  Id.  However, where a party brings a suit for
declaratory judgment but seeks monetary damages, sovereign immunity bars
such a suit.  Id. at *16-17.  That is because such a suit attempts to
control state action by imposing liability on the State.  Id. The supreme court has roundly
condemned such actions, stating, Aprivate parties cannot circumvent the State=s sovereign immunity from suit by characterizing a
suit for money damages, such as a contract dispute, as a declaratory judgment
claim.@ Id.
at *17.  While the UDJA allows
private parties to challenge ordinances or statutes, it does not authorize them
to sue the State for money damages.  Id.
at *29.  Therefore, sovereign immunity is
not waived for a request for declaratory relief that seeks money damages and
such a suit can only be maintained with legislative consent.  Id. at *30; see also Fed.
Sign, 951 S.W.2d at 405 (even if party did not need legislative consent to
pursue a suit to determine its rights, it needed legislative consent to seek
its requested money damages from the State and lacking the same, the case was
properly dismissed for want of jurisdiction); Denver City Indep. Sch.
Dist. v. Moses, 51 S.W.3d 386, 392 (Tex. App.BAmarillo 2001, no pet.)(declaratory judgment action
that also sought restitution was a suit for money damages over which the trial
court had no subject matter jurisdiction absent the State=s consent to suit); Tex. Dep=t of Pub. Transp. v. Jones Bros. Dirt & Paving
Contractors, 24 S.W.3d 893, 901-02
(Tex. App.BAustin
2000, pet. granted)(petition requesting a purported declaratory judgment which
sought damages as relief was obviously aimed at controlling State action or
subjecting the State to liability and so did not demonstrate a waiver of
sovereign immunity); TRST Corpus, Inc. v. Financial Ctr., Inc., 9 S.W.3d
316, 323 (Tex. App.BHouston [14th Dist.] 1999, pet. denied)(a suit
seeking a declaratory judgment of 
rights, money damages and an order enforcing rights through injunction,
judicial foreclosure and/or constructive trust, was a suit against the state
for which sovereign immunity was not waived and so could not be maintained
without legislative permission).  

The Instant Action

As described previously,
appellees=
Third Amended Original Petition complains that the City Afailed to compensate@ them according to ordinance 2119 and deprived four
of them of a classification of the level of ALieutenant@ and its accompanying salary which the City had
earlier represented would be assigned to them. 
The petition also asserts that the City deprived appellees of their
benefits under ordinance 2119 by enacting ordinance 2143 which effectively
reduced their salaries, Awhile representing that Plaintiffs were receiving
an increase.@  They complain that because Aof the [City=s] conduct,@ they were deprived of Aentitled@ salary increases, to their financial detriment.








Notably, appellees do not
challenge the validity of either of the ordinances, nor do they raise any
question regarding the construction of any of the terms of either
ordinance.  Rather, they seek a
declaration that they are entitled to compensation in accordance with ordinance
2119 and the increases provided thereby Ahad Defendant not reduced the salary
classifications under Ordinance 2143@ and also that four appellees are entitled to the
Lieutenant classification and salary.

We note that the matters
of which appellees complain, and the relief they request of the trial court, do
not appear to be subject to resolution by a declaratory judgment. 

No possible reading of an
ordinance could construe the negation of the existence of its own replacement
ordinance.  Appellees= petition suggests some sort of impropriety on the
part of the City in enacting ordinance 2143 because it had the effect of
reducing appellee=s salaries but they do not assert that ordinance
2143 is invalid or that the City acted outside its authority.[12]  Thus a mere declaration of what ordinance
2119 states, and what rights are conferred on appellees under ordinance 2119,
could not resolve appellees= claim that they were entitled to the salary stated
in 2119, in spite of the City=s promulgation of ordinance 2143.








Nor is the request for a
finding that four appellees are entitled to the Lieutenant classification and
salary in any way connected to the construction or validity of either
statute.  Neither ordinance makes any
reference to the term ALieutenant.@ Even, assuming as we must, the truthfulness of
appellees=
claims that the City represented that it would assign appellees such a
classification, the question of whether they were entitled to such
classification is not a legal one that can be determined by reviewing the
ordinances in question.  There is no
legal question of construction or validity of an ordinance presented by such a
question.  It is rather, in the nature of
a contractual claim, asserting that the City promised such classification and
salary (even Aorder[ing] Lieutenant badges,@ as the petition claims) and then failed to
compensate appellees in accordance with that classification. 

More importantly for our
purposes, the petition clearly states a claim for which the trial court has no
jurisdiction.  

Appellees seek a
declaration and judgment of the City=s liability for failure to compensate them at a
certain rate and an order requiring future compensation at that rate as well as
back pay for the unreceived amounts of salary to which they claim entitlement.  They seek also pre- and post-judgment
interest. These are claims for money damages.[13]








Indeed, at the hearing on
the plea to the jurisdiction, appellees did not argue that they were not
seeking money damages but instead stoutly asserted that sovereign immunity for
municipalities was waived by the UDJA as noted in Tex. Educ. Agency v.
Leeper, 893 S.W.2d 432 (Tex. 1994) and City of El Paso v. Croom Constr.
Co., 864 S.W.2d 153, 155 (Tex. App.BEl Paso 1993, writ denied).  This argument was made in response to the
City=s
complaint to the trial court that appellees were attempting to file a suit for
damages under the guise of a declaratory judgment action.[14]  The City argued that Leeper,  relied upon by the appellees, simply
held that the government could be held liable for attorney=s fees and costs which are appropriate to a
declaratory judgment action[15]
but that any attempt to receive past wages or other money damages constituted a
suit against the state  which was barred
by sovereign immunity.

We agree with the City.   The supreme court in  IT-Davy, in dismissing a case for want
of jurisdiction, resolutely rejected the interpretation of the UDJA and Leeper,
relied upon by appellees, stating 








IT-Davy further claims that the Declaratory
Judgment Act (DJA) waives the TNRCC=s sovereign immunity from suit . . . . IT-Davy
relies on Leeper to assert that the DJA waives the State=s immunity both from suit and liability.  IT-Davy misplaces its reliance on Leeper.
. . . We determined that the DJA expressly allows persons to challenge
ordinances or statutes. Moreover, the DJA requires challengers to join
governmental entities in suits to construe legislative pronouncements, and the
DJA authorizes awarding attorneys= fees. Accordingly, we held that the DJA
necessarily waives governmental immunity for attorneys= fees in suits to construe legislative
pronouncements. However, Leeper=s
limited waiver does not allow private parties to sue the State for money
damages under the DJA.

IT-Davy,
2002 Tex. LEXIS 39, at *28-30 (citations omitted).  

Accordingly, an action for declaratory judgment
seeking only a clarification of rights, attorney=s fees, and costs is not a suit for damages against
the State and is not barred by sovereign immunity.  Id.  However, a suit for money damages against the
State cannot be maintained without legislative consent, notwithstanding that it
may be presented in the posture of a declaratory judgment action.  Id. at *17, 28-30.

Appellees= petition was not merely an action seeking a
declaratory judgment, attorney=s fees and costs, but rather an action which
attempted to subject the City to liability for back pay and other similar
damages, along with pre- and post-judgment interest on the same.  Therefore, appellees= action, despite its reference to the declaratory
judgment act, is a suit for money damages, barred by sovereign immunity, and,
lacking legislative consent, the face of appellees= pleadings affirmatively demonstrates a lack of
jurisdiction.  IT-Davy, 2002 Tex.
LEXIS 39, at *17, 29-32; Fed. Sign, 951 S.W.2d at 405; Moses, 51
S.W.3d at 392; TRST Corpus, 9 S.W.3d at 323. 








As appellees= suit cannot be maintained against the City without
legislative consent, and as the appellees, in four petitions as well as
argument before the trial court, have never claimed, either to the trial court
or this Court, to have legislative consent for this suit, we conclude that it
is not possible for the petition to be amended to confer jurisdiction on the
trial court.  City of Houston v.
Northwood Mun. Util. Dist. No. 1, No. 01-01-00497-CV, 2001 Tex. App. LEXIS
7705, *21-22 (Tex. App.BHouston [1st Dist.] Nov. 15, 2001, no pet.); TRST
Corpus, 9 S.W.3d at 323-24. 
Accordingly, we sustain the City=s sole issue.

Conclusion

The City of San Benito=s issue on appeal complaining of the trial court=s denial of its plea to the jurisdiction is
sustained.  We reverse the trial court=s order denying the City=s plea to the jurisdiction and render judgment
dismissing this case for lack of subject matter jurisdiction.                                                                                         

ERRLINDA CASTILLO

Justice

 

Publish.

Tex. R. App. P. 47.3(b).

 

Opinion delivered and filed

this 18th day of July, 2002.

 

 

 

 

 











[1]
We have jurisdiction over this interlocutory appeal pursuant to section
51.014(a)(8) of the Texas Civil Practice and Remedies Code which provides that
an appeal may be taken from an interlocutory order that grants or denies a plea
to the jurisdiction by a governmental unit as that term is defined in section
101.001 of that code.  Tex. Civ. Prac. & Rem. Code Ann. '
51.014(a)(8) (Vernon Supp. 2002). It is undisputed that the City is such a
governmental unit.





[2] The
appellees are Clarence Arthur Ebarb, Jr., Arnoldo Garcia, Jose Sauceda,
Ezequiel Torres,

George
M. Gomez and Ovidio I. Gonzalez.





[3] Appellees
claimed that the base yearly salaries had been increased from $21,320 for
sergeants, $24,440 for captains and $26,520 for major assistant chiefs mandated
by ordinance 2095 to $23,299 ($22,620 plus 3% annual increase), $27,316
($26,520 plus 3% annual increase) and $29,458 ($28,600 plus 3% annual increase)
for the respective positions under ordinance 2119.





[4]Apparently
the petition was actually the second amended petition but mistitled as the
third.





[5] The
City explains that the Aclaim for a
declaratory judgment is tantamount to an appeal of a perceived de facto
Civil Service Commission order allowing the supposed demotions.  As such, the Appellees=
appeal should be heard in a state district court.@     





[6]
Appellees contend that: (1) Chapter 143 of the Local Government Code does not
contain a global statement that all disputes involving police officers are to
be decided by appeal to the Civil Service Commission and there is no
requirement nor provision directing salary disputes to be appealed to the Civil
Service Commission; (2) the issue of demotion in this case is a legal issue
over which the Civil Service Commission had no authority since it cannot
construe statutes or ordinances; (3) the Civil Service
Commission is appointed by the City Commission and has no authority to direct the
City Commission nor the ability to set base pay for employees nor does it have
the authority to settle disputes between employees and the City Commission; and
(4) appellant=s failure to
comply with section 143.054 of the Local Government Code deprived appellees of
any opportunity to comply with the same because by the time appellees
discovered appellant=s action any
appeal period had long since expired and thus relieved appellee of any such
requirement; and (5) since no Civil Service Commission decision was sought or
rendered, the requirement of section 143.015 of the Local Government Code to
file in district court does not apply.  





[7]These
appellees are Ebarb, Garcia, Sauceda, and Torres.  





[8]
The ordinance is A[a]n ordinance
by the City Commission of the City of San Benito adopting a salary schedule for
classified employees and providing for an effective date thereof, repealing
Ordinance 2080 and all other ordinances in conflict thereof.@





[9] The
ordinance is A[a]n ordinance
by the City Commission of the City of San Benito adopting a salary schedule for
classified employees and providing for an effective date thereof, repealing
Ordinance 2119 and all other ordinances in conflict thereof.@   According to appellees, the ordinance
decreased their base pay as set forth in Ordinance 2119 and Aeffectively
result[ed] in a demotion.@  





[10] Indeed,
as jurisdiction Ais fundamental
and may not be ignored,@ a reviewing
court must inquire into it, even if it is necessary to do so sua sponte.  White v. Schiwetz, 793 S.W.2d 278,
281(Tex. App.BCorpus Christi
1990, no writ).





[11] Some
courts, including this one, have held that a party may request injunctive
relief in a declaratory judgment action. See Tex. Dep=t
of Pub. Safety v. Moore, 985 S.W.2d 149, 156 n.6
(Tex. App.BAustin 1998, no
pet.); Mendleski v. Silvertooth, 798 S.W.2d 30, 32 (Tex. App.BCorpus
Christi 1990, no writ).  However, a
request for injunctive relief is not a request for damages.  Long Island Owner=s
Ass=n v. Davidson,
965 S.W.2d 674, 689 (Tex. App.BCorpus
Christi 1998, pet. denied)(AAn
injunction is a pure application of equitable relief.@).





[12]
Appellees= brief on
appeal claims that they seek a determination whether the adoption of ordinance
2143 constituted an involuntary demotion contrary to the Civil Service Act but
no such claim appears in any of the pleadings in the record before us.





[13] A
claim for back pay is a claim for monetary damages at law. Jackson v.
Houston Indep. Sch. Dist., 994 S.W.2d 396, 400-01 (Tex. App.BHouston
[14th Dist.] 1999, no pet.); O=Bryant
v. City of Midland, 949 S.W.2d 406, 414 (Tex. App.BAustin
1997), aff=d in part and
rev=d in part on
other grounds, 18 S.W.3d 209 (Tex. 2000); see also
Huckabay v. Moore, 142 F.3d 233, 242 n.10 (5th Cir. 1998).

 

The claims for money damages are even more pointedly asserted
in the appellees= Second Amended
Original Petition (mistitled and filed after the denial of the plea to the
jurisdiction) in which appellees specifically Aseek
compensation@ for the
claimed deprived salary increases and lost contributions to their retirement
plan and pray that the court grant declaratory relief and judgment that they
are Aentitled to and
shall now be compensated . . . and shall now receive . . . A
yearly increases, appropriate classification and salary, Acompensation
for all lost salaries and benefits, including but not limited to contributions
to [their retirement plans]@
as well as pre- and post-judgment interest. 
(Emphasis added).





[14]
In pertinent part, counsel stated:

 

Right now I can stand
before you and I will stand before you and say, that=s
fine, the Court can construe the statute [sic], okay?  But what I=m
also saying is that that construction, what she=s
asking for is asking for monetary damages. 
The construction of the statute [sic] is okay under the Civil
Practice and Remedies Code.  I believe
the Court can do that.  But it cannot go
on to award damages based on that construction because that is something that
the City has not waived, and they are really seeking damages.  That=s
what=s underlying
this.  If they were to say, okay, we just
want the Court to say that the statute or that the ordinance says this,
fine.  I would stipulate that the
ordinance says what it says.





[15] A
request for attorney=s fees against
the state in a declaratory judgment action is not a suit for damages as
attorney=s fees are in
the nature of costs, not damages.  Williams
v. Compressor Eng=g Corp.,
704 S.W.2d 469, 474 (Tex. App.BHouston
[14th Dist.] 1986, writ ref=d
n.r.e.).